# United States Court of Appeals
## For the First Circuit

Nos. 06-1448, 06-1449, 06-1450

HON. PEDRO J. ROSSELLÓ-GONZÁLEZ; LUIS FORTUÑO; MIRIAM RAMÍREZ;
NANETTE GUEVARA; ARNOLD GIL-CARABALLO; LARRY SEILHAMER;
JOSÉ SÁNCHEZ; JUAN F. RAMÍREZ; JAVIER RODRÍGUEZ-HORTA,

Plaintiffs-Appellees/Cross-Appellants,

v.

ANÍBAL ACEVEDO-VILÁ; AURELIO GRACIA-MORALES, individually
and in his capacity as President of the Puerto Rico Electoral
Commission; GERARDO A. CRUZ, individually and in his capacity
as a member of the Puerto Rico Electoral Commission;
THE PUERTO RICO ELECTORAL COMMISSION, a/k/a
The Commonwealth Election Commission,

Defendants-Appellants/Cross-Appellees,

SILA MARÍA CALDERÓN, Mayor, individually and in her
capacity as Governor of Puerto Rico;
THE INCOMING GOVERNMENT TRANSITION COMMITTEE,

Defendants/Cross-Appellees,

THOMAS RIVERA-SCHATZ, individually and in his capacity as a
member of the Puerto Rico Electoral Commission; JUAN DALMAU-
RAMÍREZ, individually and in his capacity as a member of
the Puerto Rico Electoral Commission,

Defendants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, <u>Circuit Judge</u>,
Selya, <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

———————————

<u>Jorge Martínez-Luciano</u>, with whom <u>Pedro E. Ortiz-Álvarez</u>, <u>Johanna M. Emmanuelli-Huertas</u>, and <u>Law Offices Pedro Ortiz-Álvarez</u> were on brief, for appellants/cross-appellees.
<u>James F. Hibey</u>, with whom <u>Romeo S. Quinto, Jr.</u>, <u>Howrey LLP</u>, <u>Luis Berríos-Amadeo</u>, Special Counsel, and <u>Cancio, Nadal, Rivera & Díaz</u> were on brief, for appellees/cross-appellants.
<u>Susana I. Peñagarícano-Brown</u>, Assistant Solicitor General, Department of Justice, with whom <u>Salvador J. Antonetti-Stutts</u>, Solicitor General, <u>Mariana D. Negrón-Vargas</u>, Deputy Solicitor General, and <u>Maite D. Oronoz-Rodríguez</u>, Deputy Solicitor General, were on brief, for cross-appellee Sila María Calderón.

———————————

March 13, 2007

———————————

**TORRUELLA**, **Circuit Judge**.  The main issue in this case is whether the district court abused its discretion in refusing to award attorneys' fees.  See 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." (emphasis added)).  After careful consideration, we determine that the district court did not abuse its discretion, and we affirm the denial of attorneys' fees to both parties.

## Background

On November 2, 2004, a general election was held in Puerto Rico, pitting Pedro J. Roselló-González and Luis Fortuño, candidates on the New Progressive Party ticket for Governor and Resident Commissioner, against Aníbal Acevedo-Vilá and Roberto Prats-Palerm, candidates on the Popular Democratic Party ticket.[1]  After the balloting was conducted, a series of disputes arose between the parties as to the procedures for issuing and counting absentee ballots, whether a general recount should be conducted, and whether certain ballots known as "three-mark split" ballots should be counted.  A more detailed description of these claims may be found in our first opinion in this case, Roselló-González v. Calderón-Serra, 398 F.3d 1 (1st Cir. 2004).

---

[1]  Rubén Berríos-Martínez and Edwin Irizarry-Mora were also candidates for Governor and Resident Commissioner under the Puerto Rico Independence Party ticket.

-3-

On November 10, Rosselló-González and others (the "Plaintiffs")[2] filed suit against then-Governor Sila María Calderón-Serra, Acevedo-Vilá, and others (the "Defendants")[3] alleging constitutional violations arising out of the conduct of the election. Specifically, Plaintiffs asked for a preliminary and permanent injunction ordering Defendants (1) to perform a full recount of all of the votes cast in the general election, (2) to ensure that all persons who had requested absentee ballots had received them, and to count all absentee ballots received within thirty days of the injunction, (3) to set a uniform standard for treatment of split ballots, and (4) to refrain from spending any money on the transition before the recount was completed. On November 23, the district court ordered that all of the ballots be recounted and that the disputed "three-mark split" ballots be segregated and not adjudicated.

Defendants brought an interlocutory appeal of the district court's recount order. We issued our opinion on December 15, 2004.[4] Id. We ruled that "the Rosselló complaint

---

[2] The Plaintiffs also include Fortuño, as well as voters who cast regular ballots in the election and voters who cast absentee ballots.

[3] The Defendants also include the Puerto Rico Electoral Commission (the "CEC"), Aurelio Gracia-Morales (president of the CEC), Gerardo A. Cruz, Thomas Rivera-Schatz, Juan Dalmau-Ramírez (members of the CEC), and the Incoming Government Transition Committee (a government entity).

[4] The opinion was corrected on January 28, 2005.

alleges the violation of a constitutionally guaranteed right, and thus, presents a colorable claim under § 1983 for subject-matter jurisdiction purposes." Id. at 15. Nevertheless, we held that Plaintiffs' case "presents even less cause for federal intervention" than in prior cases where we abstained from intervening. Id. at 18. Accordingly, we vacated the preliminary injunction and ordered the district court to dismiss with prejudice all of Plaintiffs' claims "relating to the adjudication of the three-mark ballots, and all claims relating to the simultaneous general canvass/recount issue." Id. We also dismissed without prejudice the claims relating to the absentee ballots and Puerto Rico Law 197. Id.

Both parties moved for attorneys' fees under 42 U.S.C. § 1988, and Defendants requested attorneys' fees as a sanction under 28 U.S.C. § 1927. The district court referred the matter to a magistrate judge, who issued a report and recommendation denying Plaintiffs' fees and granting Defendants' fees. Plaintiffs filed an objection to the adoption of the magistrate judge's report and recommendation. The district court agreed with the magistrate judge that Plaintiffs were not prevailing parties and thus were not entitled to legal fees. However, the district court found that the absentee ballot claim presented an "enfranchisement claim" that might be recognized as justiciable under Partido Nuevo Progresista v. Barreto Pérez, 639 F.2d 825 (1st Cir. 1980), and that Plaintiffs

received substantial relief on this claim, albeit not backed by judicial imprimatur. Furthermore, the district court found that Plaintiffs had a colorable claim under Puerto Rico law to a simultaneous recount and canvass, and that such a claim could have been brought under the supplemental jurisdiction of 28 U.S.C. § 1367. Additionally, the district court noted that a claim that the split ballots were adjudicated inconsistently (as Plaintiffs had initially alleged) might have been a valid claim under Bush v. Gore, 531 U.S. 98 (2000), but that after the litigation commenced, it appeared that the ballots would be adjudicated consistently. Accordingly, the district court found that Plaintiffs had stated colorable, non-frivolous claims, and as such, Defendants were not entitled to attorneys' fees.

## Discussion

We review an award of attorneys' fees for "manifest abuse of discretion, and 'a reviewing court customarily defers to the trial judge, whose intimate knowledge of the nuances of the underlying case uniquely positions him to construct a condign award.'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 124 (1st Cir. 2004) (quoting Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 292 (1st Cir. 2001)).

We begin by addressing Plaintiffs' request for attorneys' fees. Section 1988 states that a plaintiffs may be entitled to attorneys' fees in the discretion of the district court only if he

-6-

or she is a "prevailing party." 42 U.S.C. § 1988(b). A party is a prevailing party "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Gay Officers Action League, 247 F.3d at 293. Furthermore, the change in legal relationship must be brought about by "judicial imprimatur." Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001). The district court found that Plaintiffs were not prevailing parties because they did not receive any final relief backed by judicial imprimatur.

Plaintiffs claim that they received some actual relief on their claims when the district judge issued orders asserting jurisdiction over the absentee ballots and directing Defendants to perform a recount by counting all ballots but segregating and not adjudicating the disputed three-mark split ballots. However, we later reversed the judgment of the district court and dismissed all of Plaintiffs' claims. Rosselló-González, 398 F.3d at 18 ("We VACATE the issuance of the preliminary injunction with the direction that the District Court dismiss with prejudice all claims in the Rosselló complaint relating to the adjudication of the three-mark ballots, and all claims relating to the simultaneous general canvass/recount issue. The District Court is also directed to dismiss without prejudice the claims relating to the absentee

-7-

ballots, and any alleged violations of Puerto Rico Law 197."). It is clear that where an appellate court has reversed a district court's rulings in favor of plaintiffs and has dismissed their case, such plaintiffs cannot be "prevailing part[ies]" because any relief they obtained lacks judicial imprimatur. See, e.g., Altman v. Bedford Central Sch. Dist., 245 F.3d 49, 81-82 (2d Cir. 2001) ("[G]iven our reversal of the district court's rulings in favor of plaintiffs on their First Amendment claims, the district court's award of attorneys' fees to them as 'prevailing parties' must also be reversed." (citation omitted)); Pottgen v. Mo. State High Sch. Activities Assoc., 103 F.3d 720, 723-24 (8th Cir. 1997) ("A plaintiff cannot qualify as a prevailing party if the only basis for his claim of success on the merits is a judgment that has been reversed on appeal."). Although Plaintiffs initially received some injunctive relief from the district court, our later vacation of that injunction and dismissal of all claims precludes Plaintiffs from now claiming to be "prevailing parties" for the purposes of 42 U.S.C. § 1988(b). Although Plaintiffs argue that they nevertheless obtained relief when Defendants changed their position on the absentee ballot and recount issues, those positions were not the result of judicial imprimatur. As such, the district court was correct to deny attorneys' fees to Plaintiffs.

We now come to Defendants' request for attorneys' fees. Prevailing defendants in an action brought under 42 U.S.C. § 1983

may be granted attorneys' fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); see also Hughes v. Rowe, 449 U.S. 5, 14-16 (1980) (applying the Christiansburg Garment Co. standard to a 42 U.S.C. § 1983 case). "In determining whether this standard has been met, the court must assess the claim at the time the complaint was filed, and must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation." Tang v. Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). Even if the Plaintiffs' action was frivolous, it is within the discretion of the district court to deny fees. Id. at 15 ("[T]he district court still retains discretion to deny or reduce fee requests after considering all the nuances of a particular case."). The district court found that Plaintiffs' action was not frivolous, and thus exercised its broad discretion to not award attorneys' fees.

We have often said that a district court is best placed to evaluate attorneys' fees requests; the district judge who presided over the case has "intimate knowledge of the nuances of the underlying case" which "uniquely positions him" to determine whether a prevailing defendant is entitled to a fee award. Gay Officers Action League, 247 F.3d at 292. We may overturn the

denial of attorneys' fees to defendants only if "it clearly appears that the trial court ignored a factor deserving significant weight, relied upon an improper factor, or evaluated all the proper factors (and no improper ones), but made a serious mistake in weighing them." Id. at 292-93.

Here, the district court properly reviewed all of the factors in this case. It evaluated the state of the Supreme Court and First Circuit precedent at the time that Plaintiffs filed their complaint, looked to the nature and quality of allegations in their complaint, and appraised the quantum of evidence they submitted. Defendants can point to no additional factor that the district court should have considered. Furthermore, Defendants do not identify any factor that was improperly considered. Defendants do, however, contend that existing precedent at the time Plaintiffs' case was filed did in fact preclude or limit the potential for success on a number of their claims, and that this was an "improper weighing" of the factors.

Even if Defendants can show that some of Plaintiffs' claims could be construed as unmeritorious, this does not show that the district court abused its discretion in finding that the complaint as a whole was not frivolous, and that in any event, attorneys' fees were not warranted in this case. To reverse for manifest abuse of discretion, Defendants must show something other than disagreement with the ultimate conclusion of the district

court.  See Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 227 (1st Cir. 1996) ("If writing on a pristine page, we might have weighed the mix of factors differently -- but that is beside the point.  Absent a mistake of law or a clear error in judgment -- neither of which is evident here -- we must defer to the trial court's first-hand knowledge and to its battlefield determination that the specific facts of this case do not warrant a fee award.").  Accordingly, we can discern no abuse of discretion committed by the district court in denying attorneys' fees under § 1988 to Defendants.

Finally, defendants suggest that they are also entitled to attorneys' fees under 28 U.S.C. § 1927.  A district court is permitted to award fees when an attorney "multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  As with a petition for fees under § 1988, "we accord extraordinary deference to a district court's decision to deny sanctions."  McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger, 280 F.3d 26, 44 (1st Cir. 2002) (internal quotation marks and citations omitted).  As such, we review the district court's decision to deny attorneys fees under § 1927 for abuse of discretion.

The district court correctly identified the proper legal standard to be applied in this case: § 1927 sanctions may be awarded when "an attorney's conduct in multiplying proceedings is

-11-

unreasonable and harassing or annoying." Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990). Thus, a party may be penalized under § 1927 only when it displays a "serious and studied disregard for the orderly process of justice." United States v. Nesglo, Inc., 744 F.2d 887, 891 (1st Cir. 1984) (quoting Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163 (7th Cir. 1968)).

The district court did not explicitly state why it was denying attorneys' fees under § 1927. However, "while we have encouraged district courts to give reasons for denying sanctions, we have not required them to do so" if the reasons for denying sanctions are apparent from the record. McLane, Graf, Raulerson & Middleton, 280 F.3d at 45. Here, the record supports an implicit finding that Plaintiffs did not vexatiously multiply the proceedings. Plaintiffs filed a complaint and later amended it. Plaintiffs and Defendants proceeded to argue vigorously for and against the relief sought. There is no allegation, for example, of duplicative motions being filed or repeated refusals to comply with court orders. To the contrary, most of Defendants' arguments for sanctions under § 1927 are based on the alleged frivolity of Plaintiffs' complaint, arguments which go mainly to Defendants' request for attorneys' fees under § 1988, not under § 1927. Accordingly, we do not find that the district court abused its discretion in denying Defendants' request for § 1927 sanctions against Plaintiffs and/or their attorneys.

-12-

## <u>Conclusion</u>

For the foregoing reasons, we affirm the judgment of the district court.  All parties shall bear their own costs.

**<u>Affirmed</u>**.