NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 11, 2009[*]
Decided March 11, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3994

| | |
|---|---|
| JERLENE HARRIS,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>CITY COLLEGES OF CHICAGO, OLIVE<br>HARVEY COLLEGE,<br>    *Defendant-Appellee*. | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division.<br><br>No. 04 C 00695<br><br>Joan B. Gottschall,<br>*Judge*. |

**O R D E R**

Jerlene Harris appeals the denial of her motion to reconsider a judgment enforcing a settlement agreement with her former employer, the City Colleges of Chicago. We affirm.

Harris worked as an adult educator for City Colleges for more than sixteen years. She fell while on the job and injured her back, necessitating accommodations at work. After

---

[*]We granted the parties' joint motion to waive oral argument. See FED. R. APP. P. 34(f); CIR. R. 34(f). Thus, the appeal is submitted on the briefs and the record.

returning from medical leave in 2004, Harris received a letter from her supervisor telling her not to return to work. Later that month, she filed suit, claiming that City Colleges failed to accommodate her disability and ultimately fired her on account of her disability in violation of the Americans with Disabilities Act. She also claimed that City Colleges retaliated against her for filing with the EEOC a complaint against them while she was on medical leave. Finally, she claimed that City Colleges subjected her to a hostile work environment and "converted" her personal property when they refused to return her belongings following her termination.

The district judge referred the case to a magistrate judge for discovery supervision and possible settlement. A settlement conference was eventually held, and the parties apparently reached an oral agreement. At the conference's conclusion, the parties on the record stated the terms of their agreement. Under the agreement, Harris would receive a cash amount and favorable letter of recommendation in exchange for her promise not to reapply to work at City Colleges and her release of any and all claims against City Colleges. Harris confirmed on the record that the terms the parties had recited were the ones to which she agreed. The magistrate judge reported that the case had settled, but the parties would need time to memorialize their agreement in writing. At some point later, however, Harris began to have second thoughts about signing an agreement. Over the next few weeks, she expressed misgivings about certain provisions. She asserted that, at the settlement conference, she did not understand all the terms of the settlement and argued that the settlement would negatively affect her retirement benefits. After a hearing, the magistrate judge concluded that the oral settlement should be enforced because the parties had reached a valid agreement and Harris understood the relevant terms at the time.

Harris filed objections to the magistrate judge's recommendation. She asserted, among other things, that her mental state on the day of the settlement conference was too impaired to enter into an agreement; that the parties had not had a meeting of the minds as to the written terms of the agreement; that some terms of the agreement made off the record were not included among those recited on the record (such as an understanding that she would receive a position with City Colleges if she were no longer disabled in the future); and that the settlement would negatively affect her retirement benefits. The district judge overruled the objections, ordered that the oral settlement be enforced, and terminated the case.

Harris did not appeal and nearly a year later moved pro se to reconsider the judgment. She argued that the settlement should not be enforced because it included terms that she did not understand, such as the bar against future employment, and because it did not address her retirement benefits. She also asserted that her attorney committed "fraud" on the court by affixing her name at the end of court documents. The district judge denied

Harris's motion, finding that it was essentially an attempt to re-litigate her case and thus presented no valid basis for relief under Federal Rule of Civil Procedure 60(b).

Harris appeals the denial of her motion for reconsideration. She raises two new theories of relief: she contends that the underlying judgment unconstitutionally infringes on her right to contract and is therefore void under Rule 60(b)(4), and she argues that changed circumstances (she claims now to be healthy enough to work) render the continued enforcement of the settlement inequitable pursuant to Rule 60(b)(5). Even construed broadly, Harris's motion to reconsider makes no mention of either theory, and arguments raised for the first time on appeal are waived. See *Freeland v. Enodis Corp.*, 540 F.3d 721, 731 (7th Cir. 2008); *Newkirk v. Vill. of Steger*, 536 F.3d 771, 775 (7th Cir. 2008). In any event, to the extent these arguments target the settlement agreement itself, they should have been brought in a direct appeal and not in a motion under Rule 60(b). See *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Accordingly, the district court's judgment is AFFIRMED.