┌─────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1
└─────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011[*]
Decided December 8, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1440

| | |
|---|---|
| THADDEUS TODD, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 08 CV 3827 |
| KOHL'S DEPARTMENT STORES, INC., | |
| *Defendant-Appellee*. | Marvin E. Aspen, |
| | *Judge*. |

**O R D E R**

Thaddeus Todd sued Kohl's Department Stores claiming employment discrimination on the basis of age, race, and gender. The parties attended a settlement conference before a magistrate judge on March 1, 2010, but that conference ended without agreement. The next day, however, Todd's lawyer, Michael Clarke, telephoned counsel for

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Kohl's and extended a settlement offer. The company's lawyer acknowledged the offer that same day by e-mail, and then forty minutes later sent a second e-mail announcing that Kohl's had accepted the offer. Attached to the second e-mail was a draft of the settlement agreement. Over the next two days the lawyers exchanged e-mails incorporating minor changes to the agreement, and on March 4 counsel for Kohl's finalized the document and sent it to Clarke, who had said that Todd would be coming to his office to sign it that afternoon. Todd did not sign, however, and on March 25 Clarke notified Kohl's that Todd no longer wished to settle.

Kohl's moved to enforce the settlement agreement, arguing that the parties had reached a binding oral contract on March 2. Around this time Todd told Clarke that he no longer desired his services, and the district court permitted Clarke to withdraw. Todd then filed a pro se response asserting that the settlement agreement had been negotiated by Clarke without his knowledge or consent. The company's motion was referred to the magistrate judge who had conducted the settlement conference.

After presiding over an evidentiary hearing at which Todd and Clarke testified, the magistrate judge recommended granting the motion filed by Kohl's. The magistrate judge concluded under that Illinois law, which governs, *see Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506–07 (7th Cir. 2007), the parties on March 2 had reached an oral agreement despite the immaterial edits made by the lawyers over the next two days. And, the magistrate judge continued, Todd had knowingly consented to the terms of that agreement and was bound by it. As recounted by the magistrate judge, Todd had admitted during the evidentiary hearing that he actively participated in the negotiations which followed the failed settlement conference, that he understood the material terms reached on March 2, and that he had told Clarke that those terms were satisfactory. Todd had also testified, however, that his acceptance was only a "test" of Clarke's loyalty and did not reflect his true intent. The magistrate judge did not believe this testimony about a "test" but also noted that the oral agreement would be enforceable regardless because Todd had never told Clarke or Kohl's that he did not really mean what he said. The district court adopted the magistrate judge's findings and recommendation and dismissed Todd's suit.

On appeal, Todd ignores the magistrate judge's account of what he said at the evidentiary hearing and again asserts that he was unaware of the settlement negotiations which occurred after March 1; Todd also insists that Clarke lied when he testified to the contrary. But Todd has not supplied us with a transcript of the evidentiary hearing, so we cannot meaningfully review the magistrate judge's factual findings. Federal Rule of Appellate Procedure 10(b)(2) provides that an appellant who argues "that a finding or conclusion is unsupported by the evidence or is contrary to the evidence . . . must include in the record a transcript of all evidence relevant to that finding or conclusion." Dismissal

under this rule is appropriate if the absence of a transcript precludes meaningful review, *Morsich v. United States*, 653 F.3d 522, 529 (7th Cir. 2011), even when an appellant is proceeding pro se, *see Woods v. Thieret*, 5 F.3d 244, 245–46 (7th Cir. 1993). Although we could direct Todd to supplement the record, *see* FED. R. APP. P. 10(e); *RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010), we decline to do so because Todd has not challenged or even discussed the magistrate judge's finding that he admitted conveying his agreement to the settlement. That admission defeated Todd's opposition to the motion to enforce the settlement; it does not matter if he harbored a different intention because, under Illinois law, contract formation "'depends on what the parties express to each other and to the world, not on what they keep to themselves.'" *Newkirk v. Vill. of Steiger*, 536 F.3d 771, 774 (7th Cir. 2008) (quoting *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 815 (7th Cir. 1987)). We thus dismiss the appeal.

Kohl's asks us to sanction Todd for filing a frivolous appeal, but the company's lawyers have failed to submit the "separately filed motion" necessary for us to consider that request. *See* FED. R. APP. P. 38; *Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chi.*, 649 F.3d 539, 553 (7th Cir. 2011); *Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 761 (7th Cir. 2005). Additionally, Kohl's is on shaky ground demanding sanctions. The company asserts that Todd's pro se brief fails to meet several requirements of Federal Rule of Appellate Procedure 28(a), yet, just like Todd, Kohl's failed to obtain a transcript of the evidentiary hearing. Throughout its appellate brief Kohl's recounts the critical "facts," including Todd's admissions at the evidentiary hearing, not by citing to a transcript of the hearing as required by subsections (a)(7) and (b) of Rule 28, but by citing what is said in the magistrate judge's decision. That decision is the subject of this appeal; it is not a record of what transpired at the evidentiary hearing. Todd's appeal may be frivolous, but we cannot make that determination without the transcript that neither party provided.

DISMISSED.