**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 20, 2012[*]
Decided January 18, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No. 12-1486

THADDEUS TODD JUNIOR,
    *Plaintiff-Appellant,*

    *v.*

KOHL'S DEPARTMENT STORE,
    *Defendant-Appellee.*

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 11 C 8742

Amy J. St. Eve,
*Judge*.

**O R D E R**

Thaddeus Todd Junior appeals the dismissal of his complaint under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, alleging that Kohl's Department Store discriminated against him when it failed to promote him, failed to stop harassment against him, and finally fired him. Because the district court erroneously dismissed Todd's

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

claim that Kohl's unlawfully fired him, we vacate the judgment and remand for further proceedings.

In his earlier complaint, filed in 2008, Todd alleged that Kohl's discriminated against him based on race, color, sex, and age.  In 2010 Todd tried to back out of a settlement agreement with Kohl's that he had entered into but refused to sign. After an evidentiary hearing, the district court deemed the agreement enforceable (because Todd had consented to its terms) and dismissed the suit.  We dismissed the appeal because Todd failed to supply a transcript of the evidentiary hearing and otherwise did not contest the court's finding that he had agreed to the settlement. *Todd v. Kohl's Dep't Stores, Inc.*, 443 F.App'x 215 (7th Cir. 2011).

The very next day, Todd filed his current complaint, which differed from his previous one only in that it added a claim that Kohl's unlawfully fired him on January 1, 2011 because of his age and in retaliation for filing his earlier case.  The district court granted Kohl's motion for judgment on the pleadings, Fed. R. Civ. P. 12(c), concluding that Todd's suit was barred by claim preclusion because it involved the same conduct alleged in his 2008 suit.  And even if claim preclusion did not bar Todd's suit, the court added, dismissal was appropriate because the settlement agreement released all claims Todd had or may have against Kohl's, including the age-discrimination and retaliation claims alleged in this suit.

On appeal Todd generally challenges the dismissal of his  age-discrimination suit as barred by claim preclusion.  Claim preclusion under federal law has three elements: (1) the same parties; (2) a dispute arising from the same transaction; and (3) a final judgment on the merits. *Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011); *Czarniecki v. City of Chi.*, 633 F.3d 545, 548 (7th Cir. 2011).  Todd contests only the second element of claim preclusion, arguing that the allegations in his current complaint are not based on the same conduct as those in his earlier one.  Although most of the allegations in Todd's complaint arose out of the same set of circumstances as his earlier complaint, one claim does not—Todd's claim that Kohl's unlawfully fired him because of his age and in retaliation for filing his earlier suit.  "The federal rule is that claim preclusion generally does not bar a subsequent lawsuit for issues that arise after the operative complaint is filed." *Ellis v. CCA of Tenn. LLC*, 650 F.3d 640, 652 (7th Cir. 2011); *see also Smith v. Potter*, 513 F.3d 781, 783–84 (7th Cir. 2008) (plaintiff's claim based on incidents of harassment that occurred after filing of first complaint not barred by claim preclusion even though first complaint also dealt with harassment-based claims); *Perkins v. Bd. of Trs. of Univ. of Ill.*, 116 F.3d 235, 236–37 (7th Cir. 1997) (discharge claims and claims based on post-discharge events were distinct and need not have been brought together).

Nor is this claim barred by his 2010 settlement agreement, as the district court alternatively concluded.  At the time he entered into that agreement, Todd could not have foreseen his

eventual discharge nearly a year later (and presumably could not have envisioned releasing any claims related to that discharge). Even general releases cover only those claims "of which the signing party has actual knowledge or that he could have discovered upon reasonable inquiry." *Hampton v. Ford Motor Co.*, 561 F.3d 709, 715 (7th Cir. 2009) (internal quotation and citation omitted); *see also Wagner v. Nutrasweet Co.*, 95 F.3d 527, 533 (7th Cir. 1996) (courts must ask "whether the plaintiff is knowingly giving up the right to sue on some claims, or all claims that are in general terms predictable'); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 90 (Ill. 2003); *Krilich v. Am. Nat. Bank and Trust Co. Of Chi.*, 778 N.E.2d 1153, 1165 (Ill. App. Ct. 2002) ("A release will not be construed to include claims that the parties did not contemplate.").

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for consideration of Todd's claims that he was unlawfully fired because of his age, and in retaliation for filing his first lawsuit. The motion filed by Kohl's for sanctions against Todd is DENIED.