**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2020[*]
Decided April 13, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-1060

| | |
|---|---|
| RASHUN SINGLETON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 4514 |
| AMITA HEALTH, et al., *Defendants-Appellees*. | Robert W. Gettleman, *Judge*. |

**O R D E R**

Rashun Singleton participated in a settlement conference with her former employer, Amita Health, to resolve her discrimination claims. After stating on the record that the parties had reached an agreement, Singleton later argued to the district court that she never validly agreed to settle. The district court permissibly determined

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

that she knowingly and voluntarily entered into the agreement and granted Amita Health's motion to enforce the settlement by dismissing this suit. We affirm.

Singleton sued Amita Health alleging discrimination and retaliation during her employment (which ended in January 2017) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The district court referred the case to a magistrate judge to supervise discovery and facilitate a settlement. That judge conducted a settlement conference, in which Singleton and her two attorneys negotiated with Amita Health.

When the conference ended, the parties appeared before the judge. The attorneys for both parties recited the terms of the agreement. The terms provide for a payment of money to the plaintiff in exchange for dismissal of the suit; the payment amount is confidential. The judge then asked Singleton if she had a chance to discuss the terms with her attorneys, believed the terms to be an accurate summary of the agreement, and understood that by agreeing to these terms she had entered into a binding settlement. Singleton responded "yes" to each question.

Afterwards, Singleton became dissatisfied with the agreement. She filed several pro se motions, contending that she had never agreed to settle and that her attorneys had unduly pressured her to settle; so she asked that the magistrate judge return the case to the district judge. The magistrate judge did so and also granted her counsel's motion to withdraw for irreconcilable differences.

Back before the district judge, Amita Health moved to enforce the settlement agreement. The court asked the magistrate judge to issue a report and recommendation about whether the parties had reached a settlement. In the ensuing report, the magistrate judge concluded that the parties had reached a binding oral agreement and recommended that the district judge enforce the settlement. The district judge adopted the recommendation and enforced the settlement by dismissing the case.

Before discussing the merits of this appeal, we first address our jurisdiction. We ordered the parties to brief whether the district court's dismissal was final, *see* 28 U.S.C. § 1291, because it never entered its judgment in a separate document, *see* FED. R. CIV. P. 58(a), and the amended complaint named 21 unserved defendants. We are satisfied, though, that we have jurisdiction. First, the district court signaled that it was finished with the case by stating, in its dismissal, "Civil case terminated. Signed by the Honorable Robert W. Gettleman." This establishes finality. *See Miller v. Artistic Cleaners*, 153 F.3d 781, 783–84 (7th Cir. 1998). Second, the unserved defendants do not defeat

finality of judgment. At this point, any attempt to serve the complaint on them would be untimely under Federal Rule of Civil Procedure 4(m) and any new Title VII complaint against them, based on the events from (at the latest) January 2017, would be time-barred. Under these circumstances, the district court's order is final because it effectively terminates the plaintiff's litigation. *See Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001).

On the merits, Singleton primarily argues that the district court wrongly dismissed the case because she did not agree to the settlement. The existence of a settlement agreement is governed by state contract law—here, the law of Illinois where all relevant events occurred. *See Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008). Enforceable oral settlements arise under Illinois law when the parties accept and demonstrate a mutual understanding of the terms of the agreement. *See Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007). Whether a settlement agreement exists is an issue of law that we review de novo. *See Newkirk*, 536 F.3d at 774. But we review the district court's findings about the parties' intentions for clear error. *See Bauer v. Qwest Commc'ns Co.*, 743 F.3d 221, 227 (7th Cir. 2014).

The district court permissibly found that Singleton intended to bind herself to the terms of the agreement and, therefore, the parties entered into a valid settlement agreement. The attorneys for both parties listed each term of the settlement agreement on the record. Singleton then acknowledged that she heard the terms of the agreement, comprehended them, agreed to them, and understood that this agreement was binding. The district court rightly rejected Singleton's argument that she never understood or agreed to the terms.

Singleton responds that she entered into the agreement only under "fraud" and "duress," but the district court permissibly rejected this contention. True, the settlement of a Title VII claim must be knowing and voluntary. *See Newkirk*, 536 F.3d at 774. But when a plaintiff is represented by counsel throughout negotiations, the settlement is presumptively knowing and voluntary unless circumstances surrounding the negotiations suggest fraud or duress. *See Baptist v. City of Kankakee*, 481 F.3d 485, 490–91 (7th Cir. 2007). Singleton identifies no such circumstance, such as lies or undue pressure that would undermine the validity of the agreement. Rather, her arguments focus on her dissatisfaction with the settlement terms and her unhappiness with her attorneys' advice about those terms. But these frustrations do not show that the district court erred in finding that Singleton voluntarily and knowingly accepted the settlement. For "the

adequacy or propriety of counsel's advice is irrelevant to the question of whether a settlement was knowing and voluntary." *Id.* at 490.

We have considered Singleton's remaining arguments, and none has merit.

AFFIRMED