# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3468

IBRIHIM KISWANI,

*Plaintiff-Appellant,*

*v.*

PHOENIX SECURITY AGENCY, INCORPORATED ET AL.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:05-cv-04559—**Morton Denlow,** *Magistrate Judge.*

ARGUED SEPTEMBER 11, 2009—DECIDED OCTOBER 16, 2009

Before BAUER, ROVNER and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-Appellant Ibrihim Kiswani ("Kiswani") appeals from the magistrate judge's order that denied reconsideration of his post-trial motions. Because Kiswani failed to meet our quaint rules on timing of appeals, the magistrate judge's opinion is affirmed.

## I. BACKGROUND

Kiswani was arrested outside a nightclub on July 31, 2004, and charged with aggravated unlawful use of a weapon. After being acquitted of the charge, he brought suit against several Chicago police officers and others, including Phoenix Security Agency ("Phoenix") and Marcelino Renteria ("Renteria"), one of Phoenix's employees, setting forth claims of unlawful arrest, malicious prosecution, civil conspiracy, violation of due process, and unlawful deprivation of property.

The parties consented in writing to having Magistrate Judge Morton Denlow conduct any and all proceedings, including entry of a final judgment. The magistrate judge granted summary judgment in favor of Phoenix and Renteria; the claims against all but one officer, Officer Cunningham, were resolved prior to trial. At the end of a two-day jury trial, the judge granted Officer Cunningham's motion for judgment as a matter of law on the due process claim, and the jury returned a verdict in favor of Officer Cunningham on the malicious prosecution claim. Judgment was entered in favor of Officer Cunningham and against Kiswani, including costs, on June 16, 2008.

On June 24, 2008, Kiswani filed a"Renewed Motion for Judgment as a Matter of Law" under Fed. R. Civ. P. 50(b) and a "Motion for a New Trial" under Fed. R. Civ. P. 59. Kiswani argued that his trial efforts were prejudiced when the magistrate judge granted a motion to exclude certain witnesses from testifying at trial, based on defense counsel's misrepresentations that the defense had not been able to contact these witnesses. On August 20, 2008, the magistrate judge denied Kiswani's motions.

On September 12, 2008, Kiswani filed a motion for waiver of costs and alternatively, for reconsideration of his previously-filed post-trial motions. In addition to requesting that the judge deny Officer Cunningham his costs, Kiswani renewed his complaint about the ruling which excluded certain witnesses from testifying at trial. The motion was denied on September 24, 2008, and Kiswani filed his notice of appeal on September 29, 2008.

On December 22, 2008, this Court entered an Order limiting this appeal to a review of the magistrate judge's order dated September 24, 2008. In this Order, we explained that Fed. R. App. P. 4(a) requires that a notice of appeal in a civil case be filed in the district court within thirty days of the entry of the judgment or the order being appealed. In this case, judgment was entered on June 16, 2008, and the order denying Kiswani's motions to alter judgment and/or for new trial was entered on August 20, 2008, which started the time to appeal. Notice of appeal was not filed until September 29, 2008; ten days late. We also note that the motion filed on September 12, 2008, was not within ten business days of entry of judgment and therefore did not toll the time to appeal. So Kiswani's appeal is timely only as to the order of September 24, 2008, and we only consider whether the magistrate judge erred in denying the motion to reconsider.

## II. DISCUSSION

A motion designated as one for reconsideration should be considered as a motion to alter or amend the judgment

if it is timely filed. *Kunik v. Racine County, Wis.,* 106 F.3d 168, 173 (7th Cir. 1997). A motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) must be filed no later than ten days after the entry of the judgment. Here, the magistrate judge entered judgment on June 16, 2008. Kiswani's motion to reconsider was not filed until September 12, 2008; too late for Rule 59. So we turn to Rule 60(b).

In *Telano v. Nw. Med. Faculty Found. Inc.,* we held that when "a motion to alter or amend a judgment under Rule 59(e) . . . is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion." 273 F.3d 757, 762 (7th Cir. 2001).

Rule 60(b) provides that:

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal. *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000).

Here, Kiswani's motion to reconsider the denial of his post-judgment motions asserted the same argument as his June 28, 2008 motions, i.e., his trial efforts were prejudiced when the magistrate judge excluded certain witnesses from testifying at trial. Kiswani's motion is not a collateral attack because it does not raise a new ground for setting aside the judgment, and he cannot proceed under Rule 60(b).

## III. CONCLUSION

Kiswani's motion to reconsider is untimely under Rule 59(e) and improper under Rule 60(b); we AFFIRM the district court.