NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 9, 2010[*]
Decided June 14, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2939

| | |
|---|---|
| SHELLEY Y. KAPLAN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 2001 |
| CITY OF CHICAGO, | |
| *Defendant-Appellee.* | Harry D. Leinenweber, *Judge.* |

**O R D E R**

 Shelley Kaplan lost an employment-discrimination case against the City of Chicago. She appeals from an order denying her relief from the judgment and granting the city's bill of costs. Because she is improperly trying to revisit the underlying merits of her case, and because the district court properly awarded costs, we affirm the district court's order.

---

 [*]This case was originally set for oral argument on June 9, 2010. On May 28, 2010, in response to Kaplan's emergency motion to postpone oral argument, we vacated oral argument and ordered this appeal to be submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Kaplan worked as a patrol officer in the Chicago Police Department from January 1991 to March 2006.  She first sued the city in March 1999 claiming that her employer discriminated against her because of her Jewish faith, retaliated against her for complaining about the discrimination, subjected her to a hostile work environment, and failed to accommodate her religious beliefs.  In November 2004 Judge Manning granted summary judgment against her on the first three claims, *Kaplan v. City of Chicago*, No. 99 C 1758, 2004 WL 2496462 (N.D. Ill. Nov. 4, 2004), and in March 2005 a jury returned a verdict against her on the failure-to-accommodate claim.

Kaplan did not appeal; instead, a few days after the district court entered judgment, she filed this new lawsuit against the city.  The case was assigned to Judge Filip and then reassigned to Judge Leinenweber in March 2008.  In April 2008, Judge Leinenweber granted the city's motion to dismiss a retaliation claim and a failure-to-accommodate claim under Federal Rule of Civil Procedure 12(b)(6), reasoning that the claims arose out of the same events litigated in the parties' prior action and thus were barred by res judicata.  All that remained of Kaplan's suit was a claim that she was required to participate in Christian prayers during "beat meetings" with community members in violation of the First Amendment and a claim that, after she complained, the city retaliated against her in violation of Title VII of the Civil Rights Act of 1964.

In March 2009 the district court granted the city's motion for summary judgment on these remaining claims and entered judgment against Kaplan.  The court explained that Kaplan had not established state action because she presented no evidence that the Christian prayers offered at the public "beat meetings" were initiated by the city rather than by community members.  In addition, the court found that the undisputed evidence showed that the city did not coerce Kaplan into participating in the prayers and that the city did not have a policy or custom of encouraging prayer at beat meetings.  As for the Title VII claim, the court concluded first that Kaplan did not suffer an adverse employment action and second, that even if she had, she did not prove that the city acted in response to her complaint about the prayers.

Once again Kaplan did not file a timely appeal; instead in May 2009 she filed a motion seeking relief from the judgment under Federal Rule of Civil Procedure 60(b).  Apparently invoking subsection (b)(3), she argued that she was entitled to relief from the court's March 2009 order because the decision was "contrary to Illinois State law" and because the city had "knowingly presented false materials to the Plaintiff and to this Court, while withholding crucial discovery materials."  She also requested relief from the April 2008 order, which had dismissed two claims on res judicata grounds; again invoking subsection (b)(3), she asserted that the city had misled the court about whether claim

preclusion should apply.  For the most part, however, her motion simply revisited the merits of her case.  In the same filing, Kaplan submitted objections to the city's bill of costs. She put forth three arguments why the city should not recover any costs: (1) the judgment should be vacated pursuant to her Rule 60(b) motion, (2) she was indigent, and (3) some of the city's costs were unnecessary and even "vindictive."

In July 2009 the district court denied Kaplan's Rule 60(b) motion and granted the city's bill of costs.  The court determined that Kaplan was not entitled to relief from the April 2008 order because she had filed her Rule 60(b) motion in May 2009, more than a year after the order was issued.  As for the March 2009 order, the court rejected her assertion that the city had presented false materials as merely an attempt "to rehash arguments that she made, or should have made, when the city's motion for summary judgment was pending."  Her assertion that the city had withheld crucial discovery materials was also misguided, the court said, because the only materials that she specifically identified — copies of Illinois statutes and her right-to-sue letter from the EEOC — were in fact "readily available to her."  Finally the court determined that the costs sought by the city were both reasonable and authorized by law and that Kaplan's mere assertion of indigency, absent any supporting evidence, was insufficient to excuse payment.

Kaplan argues first that the district court erred by refusing to grant her relief from its April 2008 order, which barred two of her claims on grounds of res judicata.  For the first time she relies on the third clause of Federal Rule of Civil Procedure 60(b)(5), which allows a court to relieve a party from a final judgment if "applying it prospectively is no longer equitable."  She asserts that the judgment entered against her by Judge Manning in her earlier suit against the city should no longer have "prospective application" because she did not actually have the opportunity in that proceeding to pursue the two barred claims.

But Kaplan did not develop this argument before the district court; in fact her Rule 60(b) motion did not even mention subsection (b)(5).  In any event, the dismissal of Kaplan's claims did not have a prospective effect that can be reached under the last clause of subsection (b)(5).  The fact "that a party may be precluded from re-litigating a matter because of claim preclusion principles is not sufficient to imbue a prior judgment with prospective force."  *Comfort v. Lynn School Committee*, 560 F.3d 22, 28 (1st Cir. 2009) (affirming denial of relief and describing limited scope of last clause of subsection (b)(5) with regard to prospective application of forward-looking injunctions and consent decrees); accord, *DeWeerth v. Baldinger*, 38 F.3d 1266, 1276 (2d Cir. 1994); *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 851 (5th Cir. 1990); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988).  To top it off, subsection (b)(5) would authorize the court to relieve Kaplan only from the judgment entered in this case that was before Judge

Leinenweber, not the judgment entered in her previous case before Judge Manning. Aside from merely arguing the underlying merits of the April 2008 order, which she may not do in a Rule 60(b) motion, see *Kiswani v. Phoenix Security Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009), Kaplan offers no further argument why the district court was wrong to deny her relief.[1]

Kaplan argues next that the district court erred by refusing to grant her relief from its March 2009 order. Invoking Rule 60(b)(3), which authorizes a court to relieve a party from a judgment obtained by fraud, misrepresentation, or misconduct by an opposing party, she repeats her argument that the order is "contrary to Illinois state law." But her suggestion — that the city committed fraud by advocating a legal position that she thinks is wrong — is misguided. See *Provident Savings Bank v. Popovich*, 71 F.3d 696, 699 (7th Cir. 1995) (affirming denial of Rule 60(b)(3) relief sought based on position that opponent had argued successfully before district court).

Kaplan next argues that she is entitled to relief from the March 2009 order because the city withheld crucial, yet unspecified, discovery materials; the district court was wrong to conclude that these materials were readily available to her, she says. But she has not presented any evidence to support this assertion, much less the clear and convincing evidence that is required to relieve a party from an order or judgment under Rule 60(b)(3). See *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995) (reversing denial of relief from judgment where plaintiff offered specific and undisputed evidence that defense had relied on falsified key document). Indeed the imprecise inventory contained in Kaplan's brief makes it impossible even to discern what materials she thinks were withheld.

---

[1]The district court made a harmless mistake in its reasoning. A Rule 60(b) motion seeking relief under subsection (b)(3) — which Kaplan had invoked before the district court — must be filed within one year of the final order or judgment in question. See FED. R. CIV. P. 60(c)(1). The district court incorrectly concluded that Kaplan's motion attacking the April 2008 order had to be filed by April 2009. In fact, the April 2008 order was not a final order; it was subject to revision until the court entered its final judgment in March 2009, and thus Kaplan could not have filed a Rule 60(b) motion attacking it until that time. See FED. R. CIV. P. 54(b); *In re Wade*, 969 F.2d 241, 247 (7th Cir. 1992). Because the clock started running in March 2009, Kaplan's motion was filed timely in May 2009. The error did not affect the outcome because her request for relief had no possible merit, and in any event she does not raise this issue on appeal.

Without citing any authority, Kaplan also insists that she is entitled to relief from the March 2009 order because an undisclosed "health situation" prevented her from taking part in discovery or otherwise "fully presenting her case." But she develops no legal argument, and in any event the record contains no evidence of her illness.

Kaplan also thinks the district court was wrong to grant the city's bill of costs. But her argument consists merely of a bald assertion that the city is not entitled to costs "because they should not have prevailed." She has not even attempted to show that the district court abused its discretion by finding that the costs requested were both reasonable and authorized by law. See 28 U.S.C. § 1920(2), (4); FED. R. CIV. P. 54(d)(1); *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333-34 (7th Cir. 2009) (affirming award of costs and noting presumption in favor of cost awards to prevailing parties).

AFFIRMED.