NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 10, 2010
Decided December 10, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1159

| | |
|---|---|
| MICHAEL BYRON GAGE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 C 5040 |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security, | Susan E. Cox, |
| *Defendant-Appellee.* | *Magistrate Judge.* |

**O R D E R**

Michael Gage failed to appeal the judgment against him in his Social Security disability-benefits suit, and nearly three months later filed a post-judgment motion seeking permission to challenge the merits of the underlying decision. The district court denied the motion, and we affirm.

Gage sustained an elbow injury and applied for Social Security disability insurance benefits. After an administrative law judge denied his application and the Appeals Council affirmed, he sought judicial review. A magistrate judge, proceeding with the parties' consent, ruled for the commissioner in a comprehensive 27-page decision and entered judgment on August 17, 2009. In her order, the magistrate judge found that the ALJ did not

err in giving controlling weight to the opinions of Gage's treating physician, in questioning the vocational expert at the hearing, in crediting Gage's allegations of subjective pain, and in analyzing the representative sample jobs available to Gage.

On August 27 Gage filed an "objection" to the decision, arguing that the magistrate judge "fail[ed] to address portions of the medical evidence that were favorable to [him]," improperly credited the vocational expert's testimony that he could use his injured arm as an "assist," and "ignored" his testimony about his pain. Gage invoked Federal Rule of Civil Procedure 72(b), the rule governing a magistrate judge's responsibilities when assigned to hear dispositive pretrial matters. FED. R. CIV. P. 72(b)(1). Gage filed this "objection" with the district judge originally overseeing the case. On October 28 the magistrate judge struck this "objection," *see* N.D. Ill. L.R. 78.2, because Gage had filed it without providing the required "notice of presentment specifying the date and time on which, and judge before whom, the objection is to be presented," *see* N.D. Ill. L.R. 5.3(b).

On November 9 Gage filed a self-styled "Motion to Reinstate Objection" before the magistrate judge, this time providing proper notice and asserting that his original "objection" should be "reinstated" under Federal Rule of Civil Procedure 59(e) as well as Rule 72(b). Gage did not explain why either rule entitled him to relief; he merely quoted those rules and argued obliquely that their requirements were "consistent." The magistrate judge held a hearing on Gage's motion and, after explaining that she had "considered this case very carefully," pronounced that she was denying his motion. The court entered the order on November 20.

Two months later Gage filed a notice of appeal, which prompted our court to issue an order clarifying that his appeal was timely only as to the magistrate judge's November 20 order denying his post-judgment motion. Our order pointed out that Gage had failed to appeal the August 17 judgment within the required 60 days. *See* FED. R. APP. P. 4(a)(1)(B), (a)(5).

On appeal, Gage disregards our order limiting the scope of this appeal and continues to press arguments relating to the merits of the underlying decision. He argues that he is entitled to address the merits of the underlying decision because, he contends, at the hearing on his post-judgment motion the magistrate judge "considered and rejected" his arguments about the merits of that decision.

The magistrate judge did not abuse her discretion when she denied Gage's post-judgment motion (his "Motion to Reinstate Objection"). There is confusion here as to how the motion should be construed—the Federal Rules of Civil Procedure, of course, do not recognize a "motion to reinstate objection"—but the motion might be treated as one under

Rule 60(b), seeking relief from a judgment.  FED. R. CIV. P. 60(b).  Gage stated that he filed his motion under Rule 59(e), but more important than the label on the motion was the timing.  Because Gage filed his motion more than 10 days after the judgment, it had to have been treated as a motion under Rule 60(b) instead of 59(e).  *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009).  This distinction matters because denials of Rule 60(b) motions are reviewed under an extremely deferential abuse-of-discretion standard.  *See, e.g., Eskridge v. Cook County*, 577 F.3d 806, 808-09 (7th Cir. 2009).  Further, Rule 60(b) is an extraordinary remedy that is not designed to address legal errors made by the district court, *see Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001), nor is it a substitute for an appeal.  *See, e.g., Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008);  *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800-01 (7th Cir. 2000).  Gage's motion failed to argue any of the grounds specified in Rule 60(b), so the magistrate judge did not abuse her discretion when she denied the motion.

Our court also lacks jurisdiction to review the merits of the underlying August 17 ruling.  Even though the magistrate judge may have referred to the merits of that ruling when she denied Gage's "Motion to Reinstate Objection," Gage never appealed the judgment within the 60-day time limit.  *See* 28 U.S.C. §§ 636(c)(3), 1291, FED. R. CIV. P. 73(c).

AFFIRMED.