NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 28, 2012[*]
Decided March 29, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2913

| | |
|---|---|
| LATESHIA ZACHARY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 09 C 7879 |
| ARAMARK CORRECTIONAL SERVICES, LLC, | Charles R. Norgle, Sr., |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Lateshia Zachary appeals the denial of her motion under Federal Rule of Civil Procedure 60(b) to reopen her suit for sex discrimination. We affirm.

Zachary sued Aramark Correctional Services, LLC, her former employer, for discrimination under Title VII of the Civil Rights Act of 1964. After Zachary and her

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

attorney failed to appear at a status hearing, to respond to discovery, to communicate with defense counsel, and to appear at a show-cause hearing, the court dismissed the case for failure to prosecute her complaint. Zachary's attorney moved under Rule 59(e) to vacate the judgment, and the motion was denied. Zachary did not appeal, and instead more than seven months later filed a pro se motion to reopen the case, because her "extreme fatigue, loss of memory and concentration, and crying fits" had kept her from pursuing the litigation. The district court construed the motion as arising under Rule 60(b) and denied it, noting that Zachary failed to explain why her personal difficulties prevented her from informing the court or defense counsel of her situation.

On appeal, Zachary argues that the district court erred by dismissing her underlying complaint for want of prosecution. In a prior order, however, we limited this appeal to a review of her Rule 60(b) motion. Zachary may not use Rule 60(b) as a substitute for a timely appeal of the underlying dismissal, *see Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). To the extent that Zachary's brief can be construed to argue under Rule 60(b) that her nonfeasance was "excusable neglect" based on medical circumstances beyond her control, the district court did not abuse its discretion in determining that she had not presented evidence of exceptional circumstances to justify relief. *See Nelson v. Napolitano*, 657 F.3d 586, 591 (7th Cir. 2011); *Harrington v. City of Chicago*, 433 F.3d 542, 547–48 (7th Cir. 2006).

AFFIRMED.