NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 19, 2012[*]
Decided September 20, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2295

| | |
|---|---|
| ANDREW GOOD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 7181 |
| VILLAGE OF ANTIOCH, ILLINOIS, and CHRISTINE EATON, *Defendants-Appellees.* | Charles R. Norgle, *Judge.* |

**O R D E R**

In this action under 42 U.S.C. § 1983, Andrew Good alleges that a police officer working for the Village of Antioch, Illinois, searched him without a warrant and arrested him without probable cause. Good applied to proceed in forma pauperis, *see* 28 U.S.C.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

§ 1915(a)(1), but the district court concluded that the financial information he had supplied not only was incomplete but also showed that he could afford to pay the $350.00 filing fee. Six weeks later Good filed a motion asking the court to stay his civil suit until the criminal charges resulting from his arrest were resolved in state court, but he did not submit another § 1915(a)(1) application or pay the filing fee. When three months then passed without further action by Good, the court denied his stay motion and dismissed the suit for failure to pay the filing fee.

Fifty-one days after the dismissal Good filed a motion to "reinstate" his case. He asserted that he had been unaware of the need to pay a filing fee and did not "purposefully fail" to pay. He also attached a new application to proceed in forma pauperis. The district court construed Good's submission as a motion under Federal Rule of Civil Procedure 60(b) because it was filed more than 28 days after the dismissal, *see* FED. R. CIV. P. 59(e); *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001), and denied the motion because the court did not view Good's alleged ignorance of procedural rules as "excusable neglect" that warranted relief, *see* FED. R. CIV. P. 60(b)(1).

On appeal Good argues that the district court should have granted his Rule 60(b) motion because the court failed to inform him, as its local rules require, *see* N.D. ILL. L.R. 3.3(e), that he still had to pay a filing fee when his first § 1915(a)(1) application was denied. But Rule 60(b) is an extraordinary remedy that is granted only in exceptional circumstances, *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009); *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000), and Rule 60(b) cannot be used to make arguments that could have been raised on appeal, *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009); *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800–01 (7th Cir. 2000). Here, nothing prevented Good from appealing the dismissal of his case and arguing that he was not told that he still had to pay a filing fee after the district court denied his application to proceed in federal court without prepaying a filing fee.

Good also challenges the denial of his first § 1915(a)(1) application, but we have no jurisdiction to review that decision because Good did not appeal until more than 30 days later, *see* FED. R. APP. P. 4(a)(1)(A), and his Rule 60(b) motion had no effect on his deadline to appeal the dismissal of his case, *see* York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011).

**AFFIRMED.**