NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2012[*]
Decided November 30, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2349

| | |
|---|---|
| MARY JO ELLEN HOEFT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 08-C-0118 |
| | |
| MAURY STRAUB, et al., | Rudolph T. Randa, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Mary Jo Hoeft claims that a doctor and nurse at the jail in Ozaukee County, Wisconsin, withheld adequate medical care during her confinement in 2007. She sued the county, the sheriff, and the two medical professionals under 42 U.S.C. § 1983. The district court granted summary judgment for the defendants, but instead of filing a timely notice of appeal or motion for reconsideration, Hoeft filed two motions that the district court construed as motions to vacate under Federal Rule of Civil Procedure 60(b) and denied. Hoeft filed a notice of appeal, and in her brief she challenges the underlying dismissal

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

rather than the adverse ruling on her postjudgment motions. We conclude that her challenge to the grant of summary judgment is untimely.

During her four months at the jail, Hoeft suffered from methicillin-resistant *Staphilococcus aureus* infections, commonly called MRSA infections, which were not properly diagnosed and treated until after she had been transferred to state prison. The district court understood Hoeft to be claiming that the nurse had been deliberately indifferent to her condition, and that the jail physician and sheriff had failed to train the nurse adequately and adopted a policy of denying efficacious treatment for inmates with MRSA infections. After discovery the defendants moved for summary judgment, which the district court granted. The court reasoned that the evidence at summary judgment established, at most, only that the nurse had been negligent in failing to diagnose and treat Hoeft's infections. There was no evidence, the court continued, of a policy to ignore prisoners afflicted with MRSA infections. Moreover, the court added, Hoeft had abandoned her claim concerning the training given the nurse and other medical staff because she did not argue that point in opposing the motion for summary judgment.

That decision was entered on March 7, 2011. Thirty-five days later, on April 11, Hoeft filed with the district what she had captioned as a motion for reconsideration. Two weeks later, after the defendants had challenged her motion as untimely, Hoeft filed another postjudgment motion, this time relying on Federal Rule of Civil Procedure 60(b) but incorporating by reference the entirety of her earlier submission. The district court recognized that Hoeft had missed the 28-day deadline for Rule 59 motions, *see* FED. R. CIV. P. 59(e), and thus construed both submissions as motions under Rule 60(b), *see Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742–43 (7th Cir. 2009). The court denied those motions on the ground that Hoeft's arguments, most of which repeat what she had said in opposing the defendants' motions for summary judgment, were not valid bases for setting aside the judgment.

A couple of weeks after that ruling, but more than three months after judgment had been entered, Hoeft filed a notice of appeal. She acknowledges that this notice of appeal, although meeting the 30-day deadline for challenging the Rule 60(b) decision, was filed too late to contest the underlying judgment. *See* FED. R. APP. P. 4(a)(1)(A). She argues, however, that a letter she wrote to the district court within the deadline for appealing the grant of summary judgment satisfies the requirements of a notice of appeal. That letter asked for an extension of time to object to the defendants' bills of costs, and also noted that Hoeft was "preparing to file an appeal in this matter."

A notice of appeal must specify the party taking the appeal, the order being appealed, and the court to which the party is appealing. FED. R. APP. P. 3(c)(1); *Smith v.*

*Barry*, 502 U.S. 244, 247–48 (1992); *United States v. Segal*, 432 F.3d 767, 772 (7th Cir. 2005). We construe a notice of appeal liberally and will overlook technical deficiencies, but we cannot excuse true noncompliance with Rule 3. *Barry*, 502 U.S. at 248; *Smith v. Grams*, 565 F.3d 1037, 1041–42 (7th Cir. 2009).

Hoeft's letter does not satisfy the requirements for a notice of appeal. It is clear that she would be the party appealing and that she would appeal to the only available court (this one). *See Smith*, 565 F.3d at 1042. But her letter does not specify, nor can we infer, which order she was planning to challenge on appeal—she could have been preparing to challenge one of several orders the district court already had entered or what she expected would be an award of costs to the defendants. *See Garcia v. City of Chicago*, 24 F.3d 966, 970 n.4 (7th Cir. 1994) (concluding that notice of appeal mentioning only some claims precluded jurisdiction over other claims); *Bailey v. Cain*, 609 F.3d 763, 766–67 (5th Cir. 2010) (concluding that filing was not sufficient because it did not designate an order and more than one order could have been challenged); *Isert v. Ford Motor Co.*, 461 F.3d 756, 761–62 (6th Cir. 2006) (same); *Spookyworld, Inc. v. Town of Berlin*, 346 F.3d 1, 6 (1st Cir. 2003) (concluding that notice of appeal mentioning only one order precluded jurisdiction over challenge to another order); *cf. Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011) (concluding that failure to designate order being challenged was inconsequential when order was attached to notice). Nor is it clear that her brief statement gave the defendants notice that she was appealing at all, as she expressed merely that she was preparing to appeal at some later date. We have construed some submissions expressing an intent to appeal in the future as notices of appeal, but only when they constituted a concrete step toward filing that appeal, such as a motion for an extension to file a notice of appeal. *See Wells v. Ryker*, 591 F.3d 562, 564–65 (7th Cir. 2010) ("[T]he motion for an extension of time to request a certificate of appealability is an attenuated example of a functional equivalent to a notice of appeal, and probably lies at the outer limit of what motions may suffice under *Smith v. Barry*."); *Listenbee v. Milwaukee*, 976 F.2d 348, 350–51 (7th Cir. 1992) (construing a motion for extension of time to appeal as a notice of appeal). Hoeft's letter, in contrast, does not even concern the underlying judgment and does not ask the district court to take any step necessary to preserve her ability to appeal. What is more, Hoeft addressed her letter to only some of the defendants, making it even less likely that the letter provided the defendants adequate notice.

Hoeft also argues that her "Rule 59" motion should be construed as a notice of appeal. But that motion was filed after the 30-day deadline for appealing the grant of summary judgment had passed. She contends that the mailbox rule for prisoners applies, *see* FED. R. APP. P. 4(c)(1); *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004), which would buy her a couple of extra days since the filing date is deemed to be the date of mailing. But the mailbox rule does not apply because Hoeft no longer was in prison when

she filed her motion, and the rule would not be helpful even if it did apply because she mailed her motion 33 days after the entry of judgment, which was also too late. Because neither Hoeft's letter nor Hoeft's postjudgment motions functions as a notice of appeal, we have jurisdiction to review only the district court's Rule 60(b) order.

Yet Hoeft largely ignores that decision on appeal, and to the extent Hoeft has challenged that decision she is unpersuasive. A district court may set aside a judgment under Rule 60(b) only if the relevant issues could not have been addressed on direct appeal. *Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). In her motion, Hoeft argues that the district court misconstrued her complaint and her arguments at summary judgment, overlooked evidence, and made mistakes of law. But these are arguments that she could have raised in a timely appeal and are not appropriate bases for Rule 60(b) relief. *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (explaining that mistake of law is not appropriate ground for Rule 60(b) relief); *Bell*, 214 F.3d at 800 (explaining that overlooking or misinterpreting evidence is not appropriate ground for Rule 60(b) relief).

AFFIRMED.