In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 07-1936

LEO STOLLER,

Plaintiff/Counter-Defendant-Appellant,

v.

PURE FISHING INC., et al.,

Defendants/Counter-Plaintiffs-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 725—**George W. Lindberg**, Judge.

_____

SUBMITTED DECEMBER 19, 2007[Œ]—DECIDED MAY 29, 2008

_____

Before RIPPLE, MANION, and WOOD, Circuit Judges.

WOOD, Circuit Judge. After appealing a default judgment entered against him and having that appeal dismissed for failure to prosecute, Leo Stoller filed a motion

_____

[Œ] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

under FED. R. CIV. P. 60(b) asking the district court to reconsider the underlying merits of the default judgment. Stoller now appeals the district court's denial of the Rule 60(b) motion. We affirm.

The present dispute stems from a lawsuit for trademark infringement that Stoller, along with one of his companies known as Central Manufacturing Company (CMC), filed against Pure Fishing Incorporated (PFI) and other related entities. After protracted and contentious litigation that expanded to include multiple counterclaims, the district court entered a default judgment against CMC and Stoller and awarded PFI damages, costs, and attorneys' fees on one of its counterclaims. Stoller (apparently purporting to act on behalf of both CMC and himself) filed a timely notice of appeal, which was docketed in this court as No. 06-3792.

PFI then filed a motion in the district court to require Stoller to post a bond as security for the costs and fees associated with his appeal. The district court granted the motion, and Stoller promptly filed a second notice of appeal, which was docketed as No. 06-4057. We construed this second notice as a motion to suspend enforcement of the order requiring an appeal bond. We then denied the motion and in an order dated February 12, 2007, we dismissed the appeal in No. 06-3792 for failure to prosecute because Stoller failed to pay the bond or file an appellate brief.

Two months after we dismissed his appeal, Stoller filed in the district court a Rule 60(b) motion in which he rehashed the merits of his underlying lawsuit and complained about various orders that had been entered against him in that lawsuit. The district court denied the Rule 60(b) motion in a one-line order; that action prompted

the present appeal. Stoller argues that the district court abused its discretion when it denied the Rule 60(b) motion and that the district court's one-line order violated Circuit Rule 50. He also complains about an order designating him as a vexatious litigant who must receive prior authorization before filing any new lawsuits, though it is not clear whether his challenge refers to an order issued by the district judge or by the Executive Committee of the Northern District, both of which barred him from further filings.

We review a district court's denial of relief under Rule 60(b) for abuse of discretion. See *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). The district court's order here was decidedly not an abuse of its discretion, because all of the arguments in Stoller's Rule 60(b) motion could have been addressed by this court in the underlying appeal that was dismissed for failure to prosecute. A Rule 60(b) motion is not a substitute for appeal, and thus Stoller's attempt to use it as such was appropriately rejected. See *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 577 (7th Cir. 1997).

Stoller's argument that the district court's one-line order violated Circuit Rule 50 fares no better. Circuit Rule 50 reads as follows:

> Whenever a district court resolves any claim or counterclaim on the merits, terminates the litigation in its court (as by remanding or transferring the case, or denying leave to proceed in forma pauperis with or without prejudice), or enters an interlocutory order that may be appealed to the court of appeals, the judge shall give his or her reasons, either orally on the

record or by written statement. The court urges the parties to bring to this court's attention as soon as possible any failure to comply with this rule.

We have never explicitly stated whether Circuit Rule 50 applies to rulings on Rule 60(b) motions, nor do we have any occasion to resolve that question here. We note, however, that the matters described in Rule 50 all refer to events leading up to the final judgment in a case, whereas FED. R. CIV. P. 60 provides a number of mechanisms to correct or change a judgment or order. Once the reasons for the judgment or order have been stated properly, as Rule 50 requires, it may be enough for a district court to signal its conclusion that no change is required with a very brief statement. In this case, even if Rule 50 applies, its purposes were fully met. The district court's reasoning is clear from both the record and the court's brief statement, and thus there is no need to remand for a more fulsome explanation. See *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). The district court gave ample insight into its thinking in its orders addressing the underlying merits of the suit, and Stoller raised no new issues in his Rule 60(b) motion. It was clear from the record that Stoller was improperly attempting to use Rule 60(b) as a substitute for his dismissed appeal. Remanding for additional explication would be a pointless gesture.

Finally, Stoller argues that the district court erred when it declared that he was a vexatious litigant and barred him from filing additional lawsuits without obtaining prior authorization. That is not properly an issue in this appeal, however. The present appeal involves only Stoller's challenge to the Rule 60(b) order; the court's decision on the underlying merits is not before us. If Stoller is instead trying to challenge the order issued by the Executive

Committee of the Northern District of Illinois barring him from filing new lawsuits without leave from the Committee, that too is something beyond the scope of this appeal. Stoller could not have challenged the Executive Committee's order in his Rule 60(b) motion and, in any event, he already has appealed the Executive Committee's order to this court. That appeal (No. 07-1934) was dismissed for failure to pay the docketing fee. Finally, we note that on August 23, 2007, through an order entered in *Google Inc. v. Central Mfg. Co. et al.,* Nos. 07-1569, 07-1612, and 07-1651, this court barred Stoller from filing any new appeals until he pays a fine of $10,000; the present appeal, filed on April 24, 2007, is the last one Stoller lodged before the filing bar took effect. See also *Google, Inc. v. Central Mfg. Inc.,* No. 07-1651, 2008 WL 896376, at *1 (7th Cir. Apr. 2, 2008).

AFFIRMED.