NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 30, 2008[*]
Decided November 18, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-3607

| | |
|---|---|
| YAODI HU,<br>   *Plaintiff-Appellant,*<br><br>*v.*<br><br>DEAN MARTINEZ,<br>   *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 C 5809<br><br>Harry D. Leinenweber,<br>*Judge.* |

**O R D E R**

Four months after his complaint was dismissed for failure to state a claim, Yaodi Hu fought on, filing various motions in the district court in the hopes of reviving his action. But Hu's tenacity also delayed his notice of appeal, which arrived 141 days after the judgment—well past the 30-day deadline set forth in Federal Rule of Appellate Procedure 4.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

*See* FED. R. APP. P. 4(a)(1)(A). Accordingly, Hu's notice of appeal encompasses only the denial of his second motion for reconsideration. He does not challenge *that* order, however, so we have no choice but to affirm.

In 2006 Hu and seven others, all represented by counsel, sued Dean Martinez, Secretary of the Illinois Department of Financial and Professional Regulation, asserting under 42 U.S.C. § 1983 that a state-imposed requirement of credit counseling for certain mortgage-loan applicants violated the Fourth and Fourteenth Amendments. A few days later, though, Hu's attorney moved to withdraw because Hu wished to proceed pro se. (The remaining seven plaintiffs stuck with counsel.) Once free of his attorney, Hu filed an "amended" 68-page pro se complaint under the same case number. That document added five new plaintiffs as well as approximately 50 new defendants and alleged numerous violations of state and federal law.

At a hearing the district court announced its intention to dismiss Hu's complaint without prejudice. The court noted various flaws in the pleading—e.g. Hu's attempt to represent other litigants—but Hu's chief mistake, according to the court, was his attempt to "piggyback" on to a pre-existing lawsuit. The litigation could not proceed, the court reasoned, with two different complaints and two different sets of plaintiffs under the same case number. Shortly after dismissing Hu's complaint, the court also granted Martinez's motion to dismiss the first complaint under Federal Rule of Civil Procedure 12(b)(6).

Hu countered one month later with a motion for reconsideration of the court's 12(b)(6) dismissal, which the court summarily denied. Hu moved for reconsideration a second time—by now two months after the judgment—but the court denied that motion as well. That second denial is the only order entered within 30 days of the filing of the notice of appeal and therefore the only proper basis for this appeal. We informed Hu, in advance of briefing, of our jurisdictional limitations.

Despite our instructions, Hu's opening brief fails to address the only order that we can consider. *See* FED. R. APP. P. 4(a)(1)(A); *Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008) (explaining that undeveloped arguments are waived). Instead, he attacks the district court's decision to dismiss the complaint under 12(b)(6); elsewhere he devotes a page to the court's decision to deny his *first* motion for reconsideration. In any event, both of Hu's motions for reconsideration were attempts to revisit the merits of the underlying lawsuit, and we have warned pro se litigants that Rule 60(b)—the correct designation because Hu filed his motions well after the 10-day limit of Rule 59(e)—is no substitute for appeal. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) (pro se appellant); *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

AFFIRMED.