NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2009[*]
Decided May 5, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3846

| | |
|---|---|
| ALBERT H. BEAVER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 08-C-187 |
| | |
| MICHAEL G. MELOTTE, II, et al., | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge* |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

This case arises out of a dispute between Albert Beaver and the individuals who run an adult care facility where Beaver's adult daughter resides. After observing what he believed were health and safety violations at the facility, Beaver contacted the local fire department and the Wisconsin Department of Health and Family Services. Shortly thereafter the owners revoked his visitation rights. Beaver then filed this lawsuit, alleging that the defendants' decision constituted retaliation under the Americans with Disabilities Act. *See* 42 U.S.C. § 12203.

The district court granted summary judgment for the defendants, finding that Beaver had not engaged in any activity protected by the ADA. The court also raised the prospect that he would be sanctioned with fines: it noted that many of Beaver's claims were "completely baseless" and admonished that "any future action filed in this court involving baseless claims will be subject to swift monetary sanction." The court denied Beaver's subsequent post-judgment motion for relief because "there was no evidence that [Beaver] had been retaliated against in violation of the ADA."

On appeal Beaver argues first that the district court's decision and subsequent order do not comport with Circuit Rule 50, which requires a district court to provide reasons for decisions that terminate litigation. Beaver's argument borders on the frivolous. The court's summary judgment order, which ran five pages long, examined the underlying merits of the suit in detail—it analyzed several ADA provisions, applied them to Beaver's complaint, and explained that the ADA did not protect Beaver because he "was not retaliated against for opposing any acts made unlawful by the ADA, nor was he participating in any investigation under the ADA." Moreover, to the extent that Rule 50 even applies to the court's post-judgment order, *see Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008), its purposes were met by the district court's seven-line order, which reiterated that Beaver had not presented any evidence of retaliation.

Beaver next challenges the court's sanction—admonishing him that he would be fined for future frivolous filings—as violating Federal Rule of Civil Procedure 11(c) because the court did not first issue an order to "show cause" why his conduct did not violate the rule. But in April 2008, at a motions hearing, the district judge said that he planned to "exercise my authority under Rule 11(c) to consider sanctions, including attorneys' fees in this case" because "there really is no basis in any law for you to bring this action." And two months later the court followed up its concern by holding a hearing on Rule 11 sanctions, which led to the admonition in question. Beaver offers no articulable basis for why these proceedings were insufficient under Rule 11.

AFFIRMED.