NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 12, 2009[*]
Decided August 12, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3310

|  |  |
|---|---|
| AUTOMOTIVE FINANCE CORP., | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *Plaintiff-Appellee,* | |
| *v.* | No. 1:06-cv-1025-LJM-JMS |
| BAHIG BISHAY, | Larry J. McKinney, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Automotive Finance Corporation brought this diversity suit against Bahig Bishay to collect $162,212.56 he owed on a promissory note. The district court granted AFC's motion

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

for summary judgment, and Bishay appealed, but his notice of appeal was untimely and we dismissed it for lack of jurisdiction. Bishay then filed a motion in district court under Federal Rule of Civil Procedure 60(b) asking the court to vacate its judgment, order AFC to disclose any payments that it received on the debt from third parties, and subpoena unnamed third parties. He also submitted an affidavit detailing his post-judgment communications with AFC's counsel regarding his requests for the disclosure of more documents. The court denied the motion, finding that Bishay's contacts with AFC's attorneys had "no conceivable relation to the resolution of the case." We agree.

A judge may relieve a party of judgment under Rule 60(b) based only on mistake, excusable neglect, surprise, inadvertence, newly discovered evidence, or a manifest error of fact or law. *See Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008). Bishay did not point to any such error or relevant evidence in his motion. Bishay is really seeking an an end-run around his untimely notice of appeal. His brief revisits the merits of the case, asserting claims based on res judicata, improper venue, and discovery abuse, but Rule 60(b) is not a substitute for filing a timely appeal. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). In fact, Bishay mentions the denial of his Rule 60(b) motion very briefly, and then only to reiterate his argument that AFC continues to improperly withhold documents from him. As the district court correctly concluded, however, these documents have no relevance to the judgment. Because our review is limited to the denial of Bishay's 60(b) motion, and he has presented us with no reason to set that decision aside, the judgment is

AFFIRMED.