**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 23, 2010[*]
Decided October 20, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-3415

| | |
|---|---|
| RANDALL RE, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 08 C 3175 |
| ROSEMARIE RE and DONNA M. | |
| ROBERTS, | Joan B. Gottschall, |
|     *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Randall and Rosemarie Re set up four trusts as part of their divorce to provide for their children's education, medical expenses, and support. Rosemarie and the trustee, Donna Roberts, disbursed about $26,000 over 3 years to pay medical bills and child support payments, but Randall brought this diversity action alleging that they wrongfully invaded the trusts. After the district court dismissed the complaint for lack of jurisdiction and rejected his motion to reconsider, he appealed. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

The district court dismissed Randall's case on June 22, 2009, for lack of jurisdiction. The court concluded that it lacked jurisdiction because the trusts were related to the divorce proceedings underway in state court. Citing *Princess Lida of Thurn & Taxis v. Thompson,* 205 U.S. 456 (1939), the court explained that the federal courts could not afford Randall relief because it would interfere with the property (the trusts) over which the Illinois courts already had jurisdiction.

On July 24, 2009, Randall asked the district court to reconsider, arguing that *Princess Lida* should not be controlling because that case involved an action by a trustee beneficiary, and he was not a beneficiary. On August 24, 2009, the district court disagreed, reiterating that *Princess Lida* applied because actions involving the res of a trust must be brought in the court exercising jurisdiction over that res. The court also rejected any suggestion that Randall could maintain an action for breach of fiduciary duty because only a trust beneficiary enjoyed such a right, not the party that created the trust.

On appeal, he contends that the district court abused its discretion by misconstruing the allegations in his complaint and wrongfully applied the *Princess Lida* doctrine to bar his suit. For the first time, he now suggests that his action was for breach of contract—an *in personam* action—and thus the Illinois courts' jurisdiction over the trusts did not prevent the federal court from exercising jurisdiction.

At the outset, we note in response to Randall's suggestion in his reply brief, that we lack jurisdiction to review the district court's dismissal of the underlying complaint. Randall filed his notice of appeal on September 24, 2009, well-beyond the time in which he could appeal the underlying dismissal. *See* FED. R. APP. P. 4(a)(1). And we have already ruled in an interim order that this appeal is limited to review of the district court's August 24th order denying Randall's motion to reconsider. *See Re v. Re,* No. 09-3415, Doc. # 20 (7th Cir. Dec. 17, 2009).

We also note that Randall did not file his motion to reconsider until more than ten days after the judgment, so we treat it as a motion under Federal Rule of Civil Procedure 60(b). *See, e.g., Serafinn v. Local 722, Int'l Bhd. of Teamster, Chauffeurs, Warehousemen & Helpers of Am.,* 597 F.3d 908, 917 (7th Cir. 2010). This is significant because we review a district court's denial of a Rule 60(b) motion under an extremely deferential abuse-of-discretion standard. *See, e.g., Eskridge v. Cook County*, 577 F.3d 806, 808-09 (7th Cir. 2009). Rule 60(b) is an extraordinary remedy that is not designed to address legal errors made by the district court; it is not a substitute for an appeal. *See, e.g., Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir. 2002); *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017-18 (7th Cir. 2002). The district court might have been right

and might have been wrong rejecting the arguments in Randall's Rule 60(b) motion, but the court did not abuse its discretion when it denied Randall's attempt to use the motion to launch what amounts to an improper appeal.  *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800-01 (7th Cir. 2000).

AFFIRMED.