NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 13, 2011[*]
Decided April 18, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2825

| | |
|---|---|
| KENNETH LIPSEY, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     v. | |
| | No. 07 C 2584 |
| UNITED PARCEL SERVICE, INC. and | |
| TEAMSTERS LOCAL 705, | Ruben Castillo, |
|     *Defendants-Appellees.* | *Judge*. |

**O R D E R**

Kenneth Lipsey appeals the denial of his second motion under Federal Rule of Civil Procedure 60(b) to vacate a judgment in favor of his employer, United Parcel Service, and his union, Teamsters Local 705. Because the district court did not abuse its discretion in denying the motion, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

After UPS fired Lipsey because of a verbal altercation with a supervisor, he sued UPS for wrongful termination and Local 705 for breaching its duty of fair representation. The district court granted summary judgment for the defendants in May 2009 after determining that the union's actions were reasonable and that Lipsey therefore could not sustain any claim against UPS.

Lipsey then pursued a variety of measures for postjudgment relief. First, nearly a month after entry of judgment, Lipsey filed a motion to reconsider, which the district court denied. He then appealed the grant of summary judgment, and we dismissed his appeal as untimely. *Lipsey v. United Parcel Serv., Inc.*, No. 09-3053 (7th Cir. Oct. 22, 2009).

In May 2010 Lipsey moved to vacate the judgment under Rule 60(b)(1), maintaining that the district court abused its discretion when it declined to recruit a fifth attorney for him during discovery. (His first two attorneys recused themselves because of a conflict of interest, Lipsey instructed his third to withdraw, and his fourth attorney withdrew because Lipsey had "rendered it unreasonably difficult" to continue representation.) The court denied the motion as meritless.

Rather than appealing that decision, Lipsey filed with the district court a second motion under Rule 60(b), seeking reconsideration of the court's denial of his motion to vacate. This time Lipsey sought relief under Rule 60(b)(6), which permits courts to relieve parties of judgments for "any other reason that justifies relief." Lipsey reiterated that the court's refusal to recruit a fifth attorney for him warranted relief. The court denied the motion.

Lipsey then appealed that order and the order granting summary judgment. We limited Lipsey's appeal to review of his second motion under Rule 60(b) because he filed the appeal more than 30 days after summary judgment was entered. *Lipsey v. United Parcel Serv., Inc.*, No. 10-2825 (7th Cir. Nov. 4, 2011). Despite our instructions, Lipsey devotes most of his brief on appeal to contesting the merits of the grant of summary judgment. But we will not consider these arguments, which, again, are untimely, and furthermore a motion under Rule 60(b) does not substitute for a direct appeal. *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *see Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

Lipsey also argues that the district court abused its discretion when it declined to recruit a fifth attorney for him during discovery. He maintains that he was prejudiced by the court's decision because he lacked the skills to depose a witness effectively. As an initial matter, Lipsey had no right to court-appointed counsel in his civil suit. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Moreover, the court recruited four attorneys for him throughout the proceedings, and Lipsey "squander[ed]" his opportunity for recruited counsel by causing his fourth attorney to withdraw; under these circumstances, he had "no

entitlement" to a fifth. *Otis v. City of Chicago*, 29 F.3d 1159, 1168-69 (7th Cir. 1994) (en banc). In any event, Lipsey fell far short of demonstrating the "extraordinary circumstances" necessary to justify relief under Rule 60(b)(6). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n.11 (1988); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004).

Lipsey makes several other undeveloped arguments concerning the district court's actions during discovery. We have reviewed these contentions, but none has merit.

Finally, in light of Lipsey's pattern of repeated and redundant filings, we warn him that any further frivolous litigation will subject him to monetary fines and a possible bar pursuant to *Support Systems Int'l. Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), forbidding him from filing any further legal papers in any federal court within this circuit except for criminal cases or applications for writs of habeas corpus.

Accordingly, we AFFIRM the judgment.