NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 15, 2012[*]
Decided February 28, 2012

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2178

| | |
|---|---|
| IVAN TAYLOR, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 11 C 50047 |
| WEXFORD HEALTH SOURCES, INC., et. al. | |
| *Defendants-Appellees.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

Ivan Taylor, an inmate in Dixon Correctional Center, contends in this lawsuit under 42 U.S.C. § 1983 that prison administrators and his doctors violated his rights under the Eighth Amendment when they changed his medication to a new drug that made him sick.

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and record. *See* FED. R. APP. P. 34(a)(2)(C).

The district court dismissed the suit at screening, *see* 28 U.S.C. § 1915A, and denied both of Taylor's motions to reconsider the dismissal. Having jurisdiction to review only the denial of the second motion to reconsider, we affirm the decision of the district court.

Because the court dismissed Taylor's suit on the pleadings, we treat as true the facts alleged in his complaint and the attachments that he adopts as correct. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Guzell v. Hiller*, 223 F.3d 518, 519 (7th Cir. 2000). Before Taylor's incarceration, his doctor prescribed Klonopin, an anti-seizure drug, to control shaking in his hands and feet, and for a time he received that medication at the prison. But in April 2008, Dr. James Nielsen refused to refill Taylor's prescription, and sometime in April 2009, Dr. Antreas Mesrobian changed Taylor's prescription altogether to Baclofen. Baclofen has several known side effects, including dizziness and seizures; Taylor says that after Mesrobian switched his medication his seizures worsened, and he suffered poor vision and insomnia. After exhausting his administrative remedies, Taylor sued Mesrobian and Nielsen, their employer Wexford Health Sources, Inc., and the warden—the latter two on a theory of supervisor liability—alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The district court screened the complaint and dismissed it as frivolous. *See* 28 U.S.C. § 1915A. Because Taylor alleged that Nielsen refused to refill his desired prescription in April 2008, the court reasoned that Taylor's claim was barred by the two-year statute of limitations because he did not sue before the end of April 2010.[1] *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS 5/13-202. The district court also dismissed the claim against Mesrobian because it was too vague to satisfy Rule 8(a)(2). Finally, the district court also dismissed the warden and Wexford Health Sources, Inc. because Taylor did not allege that they had personal knowledge of the alleged mistreatment, and § 1983 "does not establish a system of vicarious liability." *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009).

Instead of appealing the dismissal, Taylor timely asked the district court to reopen the case and allow him to file an amended complaint. Taylor's proposed complaint dropped all defendants except Wexford, added unknown "Doe defendants," and alleged that his poor medical care was the result of Wexford's "policies, practices, and customs." The

---

[1] The district court's calculation was not quite right because the two-year statute of limitations period was tolled while Taylor exhausted his administrative remedies. *See Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). But in this case tolling gains Taylor only six months, until the end of October 2010, and he did not sue until February 24, 2011, so the error was harmless.

district court correctly deemed this a motion under Rule 59(e) because it was filed less than 28 days after the judgment, *see Ho v. Taflove*, 648 F.3d 489, 495 nn.4–5 (7th Cir. 2011), and then denied the motion. Taylor pleaded no facts, the court reasoned, that plausibly supported his allegation of a policy, practice, or custom of deliberate mistreatment, so the court concluded that granting leave to amend was futile.

Taylor did not appeal that decision either, but one month later filed another motion for reconsideration. Taylor argued that the court erred by denying him leave to amend and that the court should not hold his pro se complaint to the standard expected of a counseled plaintiff. The district judge denied that motion, too. Taylor had already raised the same arguments in his Rule 59(e) motion, the court reasoned, and his new motion failed to identify any clear error of law or fact.

Taylor appealed to this court on May 21, 2011, the thirty-first day after the district court denied his Rule 59(e) motion. In a prior order we limited his appeal to review of the denial of his second motion for reconsideration because an appeal must be filed within thirty days of the judgment, and only the second post-dismissal ruling fell within that period. *See* FED. R. APP. P. 4(a)(1), (a)(4); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). Although a timely motion under Rule 59(e) tolls the time to appeal while that motion is pending, "only the first motion stops the clock." *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006). Moreover, because Taylor filed his second motion more than 28 days after the entry of the judgment, we treat it as a Rule 60(b) motion for relief from judgment. *See Kiswani v. Phx. Sec. Agency, Inc.*, 584 F.3d 741, 742–43 (7th Cir. 2009); *see also* FED. R. CIV. P. 59 Advisory Comm. Notes (2009 Amendment) (extending time for a Rule 59(e) motion to 28 days). We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

In this court, Taylor reiterates the same argument that he presented in his Rule 60(b) motion: that the district court abused its discretion by denying his Rule 59(e) motion. But this is not a proper ground for relief under Rule 60(b), and thus the district court correctly denied that motion. *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). The proper place to argue that the court abused its discretion in refusing the amended complaint and denying the Rule 59(e) motion would be on direct appeal from the Rule 59(e) ruling. *See Kiswani*, 584 F.3d at 743; *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008). Though he missed the deadline for appealing that decision by one day, Taylor did have an opportunity to appeal directly from that decision. But his opportunity has now expired because he cannot use Rule 60(b) "to reopen the window" to make arguments that were available on direct appeal. *Gleash*, 308 F.3d at 761; *see also Stoller*, 528 F.3d at 480. Relief under Rule 60(b) is limited to those grounds specified in the rule—such as newly discovered evidence or

fraud—or to "extraordinary circumstances" that are ordinarily not available on direct appeal. *See Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863–64 & nn.10–11 (1988); *Stoller*, 528 F.3d at 480; *Gleash*, 308 F.3d at 761. Taylor raised no such ground, either on appeal now or before the district court in his Rule 60(b) motion.  Accordingly, we **AFFIRM** the denial of Taylor's Rule 60(b) motion.