NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided May 9, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 12-3137 & 12-3540

| | |
|---|---|
| SIDNEY R. MILLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 C 4316 |
| ATLANTIC MUNICIPAL CORPORATION and DAVID R. GRAY, JR., | Robert W. Gettleman, |
| *Defendants-Appellees.* | *Judge.* |

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Sidney Miller appeals from the district court's denials of two motions under Federal Rule of Civil Procedure 60(b) for relief from judgment. We affirm.

Atlantic Municipal Corporation brought an action in Illinois state court to obtain a tax deed for property Miller asserted that he owned. Miller then filed a self-styled "Complaint as Counterclaim for Attorney Malpractice, Notice of Removal and Other Relief" in federal district court. Miller did not file a notice of removal or the documentation required by 28 U.S.C. § 1446 that would allow the court to determine whether the case was removable; instead, Miller's complaint states that he "contemplates" filing a notice of removal. On July 12, 2011, the district court screened the complaint, 28 U.S.C. § 1915(e)(2), and dismissed it, concluding that Miller had not removed the state-court action or provided any information suggesting that the federal court had subject-matter jurisdiction. Two months later, the state court ruled in Atlantic's favor. Miller filed a notice of appeal from the federal-court judgment, but we dismissed his appeal for want of prosecution because he did not timely submit a brief.

Miller then submitted to the district court successive motions for relief from judgment. The first motion, filed on August 2, 2012, cited a Supreme Court case from 1922 as "newly discovered evidence" that warranted reopening his case. *See* FED. R. CIV. P. 60(b)(2). After the court denied this motion, Miller filed another one, urging reinstatement of his federal suit because the state-court judgment was "void" for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 60(b)(4). The court denied this motion as well.

Miller argues on appeal that the district court should have granted his Rule 60(b) motions because the 1922 Supreme Court case was "newly discovered evidence" and the state-court judgment was "void." But the court correctly denied both motions. Miller's first motion, under Rule 60(b)(2), was untimely because it was filed a more than a year after the district court entered judgment against him. *See* FED. R. CIV. P. 60(c)(1). And only new *evidence*, not new law (let alone Miller's unearthing a nearly century-old case), justifies relief under Rule 60(b)(2). *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). Though Miller's second motion under Rule 60(b)(4) was not subject to the one-year time-limit, *see* FED. R. CIV. P. 60(c)(1), it was correctly denied. The premise of Miller's argument—that the state court's judgment is "void" for lack of jurisdiction because he had removed the suit to federal court—is wrong. The district court determined that Miller never filed a notice of removal and dismissed his suit. Because there was no removal, nothing prevented the state court from ruling on the tax deed case.

We do not consider Miller's other arguments, which concern the underlying

judgment rather than the Rule 60 motions and thus should have been raised on direct appeal. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

AFFIRMED.