NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2013[*]
Decided June 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1169

| | |
|---|---|
| IRENN JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 1:12-cv-00380 |
| ULINE, INC., | |
| *Defendant-Appellee.* | Robert W. Gettleman, |
| | *Judge.* |

**O R D E R**

Irenn Johnson appeals the district court's denial of his third post judgment motion challenging the dismissal of his employment-discrimination complaint. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Johnson sued Uline, a shipping supply company, for rejecting him for an administrative-assistant position because of his race, in violation of Title VII. *See* 42 U.S.C. § 2000-e2(a)(1). But the district court dismissed the complaint sua sponte because a document attached to the complaint showed that Johnson had not filed a timely charge with the Equal Employment Opportunity Commission and thus had not exhausted his administrative remedies. According to a notice of dismissal from the Illinois Department of Human Rights (IDHR) attached to the complaint, Johnson had not cross-filed any charge of discrimination with the EEOC. Johnson did not appeal the district court's ruling.

Instead Johnson waited six months and filed a "motion to vacate order of dismissal and for leave to amend complaint" in the district court. He asserted that he failed to file a timely charge with the EEOC based on "mistake and excusable neglect"—the IDHR had erred, in his view, by disregarding a "cooperation agreement" requiring it to "automatic[ally] cross-file" his charge with the EEOC. The district court, rejecting his argument that automatic cross-filing was warranted, denied the motion.

Two weeks later Johnson filed a "motion for reconsideration" in the district court, this time arguing that the IDHR's alleged mistake should have equitably tolled the time for filing his claim. The court summarily denied the motion.

Johnson then reiterated his claims in a "petition for review" under Federal Rule of Civil Procedure 60(b), sought leave to amend his complaint, and asked the court to take judicial notice of certain IDHR documents. The court denied the motions in a short docket entry, stating that the case had been dismissed and was no longer pending.

On appeal Johnson generally challenges all of the district court's rulings, but in a prior order we limited this appeal to a review of the district court's final docket entry. To the extent Johnson maintains that the district court erred by rejecting his argument about the agency's alleged mistake, the district court properly exercised its discretion by declining to reconsider the same arguments it had already evaluated and rejected. Moreover, Johnson may not use Rule 60(b) to make arguments that could have been raised in a timely appeal. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

**AFFIRMED**