---
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
---

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019[*]
Decided January 15, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-3291

| | |
|---|---|
| STANLEY BOCLAIR, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | No. 17 CV 1422 |
| | |
| JOHN BALDWIN, et al., | John J. Tharp, Jr., |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Stanley Boclair, an Illinois inmate, appeals the district court's decision to deny a second post-judgment motion under Rule 60(b) of the Federal Rules of Civil Procedure. This motion repeated arguments that the district court had rejected in denying his first motion. In both motions, Boclair asked the court to reinstate a claim that, he argued, the court had mistakenly dismissed as misjoined. Because the court did not abuse its

---

[*] We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

discretion in rejecting the same arguments that Boclair raised for a second time, we affirm.

In 2017, while incarcerated at Stateville Correctional Center, Boclair sued prison officials with one complaint alleging three unrelated violations of the Eighth Amendment. He first alleged that one set of officials forced him to drink water contaminated with radium. Next, he asserted, health administrators were deliberately indifferent to his medical needs after other inmates attacked him in May 2015. Finally, Boclair alleged that he slipped and fell when yet another group of prison officials recklessly ordered him to walk through a foot of snow and ice. (Administrative grievances based on these incidents were all denied.) When filing this single complaint, Boclair moved to proceed in forma pauperis. The district court granted that motion but dismissed his complaint without prejudice. It concluded that Boclair had misjoined claims and defendants and instructed him to amend his complaint to focus on a single defendant or a discrete group of related defendants.

Boclair twice attempted to amend his complaint. In the first amendment, he sued only the defendants involved in his slip-and-fall incident. The district court dismissed this complaint too, again without prejudice to another amendment. It explained that Boclair did not allege that the icy path was an objectively hazardous condition or that the defendants knew of an easily preventable harm. In response, Boclair mailed to the district court an envelope with several documents. One was a "notice and motion" requesting leave to file the attached second amended complaint (which re-asserted the slip-and-fall incident and upon which he handwrote that case's number—17 CV 1422), as well as an "additional complaint." The "additional complaint" did not bear any case number. The clerk's office stamped on this new complaint the number 17 CV 1422. The new complaint raised the medical claim that Boclair had misjoined in the original complaint—deliberate indifference by health officials who refused to treat his injuries after inmates beat him. In an attached affidavit, Boclair attested that the limitations period for the medical complaint would soon expire, on May 5, 2017. Boclair also filed a motion to file the new complaint in forma pauperis.

The court then entered its final judgment. It again dismissed Boclair's slip-and-fall complaint for failure to state a claim, and, in the same order, dismissed the new complaint that asserted his medical claim. The judge explained that Boclair had errantly put on the medical complaint the case number assigned to his slip-and-fall suit. Because "there can only be one operative complaint," the judge advised Boclair to refile the complaint about his medical care "without a case number" along with "either the

statutory filing fee or a motion to proceed in forma pauperis." Boclair received the judgment on May 3, 2017, two days before the date on which he feared the limitations period on the medical claim would lapse.

Within two weeks of the judgment's entry, Boclair moved for its reconsideration by asking the court to reinstate the medical suit. In an unsworn statement, he asserted that the clerk, not he, had mistakenly inserted 17 CV 1422 on the medical complaint because the clerk did not realize that he intended the medical complaint to be a separate suit. He insisted that he knew from the court's previous order not to misjoin the claims and that he had submitted a motion for leave to file the new suit in forma pauperis. Further, he said, in the two days between receiving the dismissal order and the lapse of the limitations period, he had no access to the law library, so he could not timely refile his medical suit. The court denied Boclair's post-judgment motion. It stated that it was "irrelevant whether the Clerk of Court or [Boclair] mistakenly filed an unrelated complaint" under the wrong case number because it was Boclair's responsibility to "initiate a separate lawsuit." Boclair did not appeal this decision.

In lieu of appealing, about two and a half months after the court's ruling, Boclair moved again for reconsideration. He raised the same arguments as before: the clerk's office erroneously stamped the wrong case number on his new complaint, which he sought leave to file in forma pauperis. The district judge again denied Boclair's motion, "for the reasons stated previously" in its ruling on Boclair's first motion for reconsideration. Boclair appealed this decision.

We begin our analysis with two procedural observations. The first concerns the scope of this appeal. Boclair had 30 days to appeal the judgment dismissing his new medical complaint or the denial of his first post-judgment motion. *See* FED. R. APP. P. 4(a)(1). (The time to appeal the former was tolled until the court denied the latter. *See* FED. R. APP. P. 4(a)(4)(A)(vi)). But he did not do so; he waited more than two months and appealed only within one month of the order denying his second motion for reconsideration. This notice thus brings up for review only the ruling on that second motion. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 262, 264–65 (1978); *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008). We review that ruling for abuse of discretion. *See Eskridge v. Cook Cty.*, 577 F.3d 806, 808–09 (7th Cir. 2009). Second, Boclair has abandoned any argument regarding the dismissal of his slip-and-fall complaint. So we concentrate on the district court's rationale for refusing to reconsider (a second time) its dismissal of his medical complaint.

Boclair argues that the district court abused its discretion in denying his second post-judgment motion for reconsideration. Relying on both Rules 60(a) and (b) of the Federal Rules of Civil Procedure, Boclair argues that this motion alerted the court to the clerk's "obvious clerical mistake" of stamping his complaint with the wrong case number and the judge's error in wrongly attributing the clerk's mistake to him. These errors, he contends, "amounted to a fundamental miscarriage of justice."

Rule 60(b) is the proper lens through which to analyze Boclair's argument. Rule 60(a) allows a district court to correct a judgment only when it reflects a "clerical" mistake, like an error in transcribing the dollar amount of the judgment that the judge intended. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 341 (7th Cir. 2004). In contrast, Rule 60(b)(1) applies to an argument that the intended judgment was itself a "mistake." *See Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984–85 (7th Cir. 1989). This Rule applies here because, in Boclair's view, the judge mistakenly concluded that Boclair had not initiated "a separate lawsuit" and mistakenly failed to credit him with submitting an unnumbered complaint with a motion for pauper status.

The problem for Boclair is that his first motion for reconsideration contains the same substance as his second motion. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (courts must look at substance, not labels, of post-judgment motions). In that first motion, Boclair asserted that (1) the clerk's office and judge misunderstood that he used one envelope to enclose a hand-numbered second amended complaint and an unnumbered new complaint, and (2) the judge mistakenly thought that Boclair did not file a motion for pauper status with his new complaint. Boclair might have appealed to this court to argue that the district judge unreasonably rejected his explanation for the confusion that Boclair created by using one envelope for two cases. But as we have observed, Boclair never appealed that order.

Instead, Boclair raised the same contentions in another Rule 60(b) motion. But a Rule 60(b) motion that reprises arguments previously made and rejected is not a substitute for an appeal. *See Stoller*, 528 F.3d at 480. We have repeatedly held that, even for pro se litigants, a district court does not abuse its discretion by declining to revisit the same arguments that it has previously rejected. *See id*. at 479–80. Otherwise a litigant could extend the time to appeal beyond the time limits provided in the Federal Rules. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000). And district judges would end up with less time to devote to first-time arguments from other litigants. Thus, when the district judge declined Boclair's second request to accept his explanation for the confusion that

occurred after he put documents intended for two cases into one envelope, the judge did not abuse his discretion.

AFFIRMED