NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 4, 2021[*]
Decided August 5, 2021

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1064

| | |
|---|---|
| VICTOR M. CROWN, II, Independent Administrator, Estate of Lourdes Theodossis, deceased, <br>     *Petitioner-Appellant*, | Appeal from the United States Tax Court. <br><br> No. 7934-11 |
| *v.* | Maurice B. Foley, <br> *Chief Judge.* |
| COMMISSIONER OF INTERNAL REVENUE, <br>     *Respondent-Appellee*. | |

**O R D E R**

Victor Crown appeals the denial of his two motions to "reopen" a case the Tax Court dismissed for lack of jurisdiction a decade ago. Because Crown's appeal is frivolous, we affirm and order him to show cause why we should not impose sanctions.

In 2011, Crown filed a petition in Tax Court on behalf of the estate of Lourdes Theodossis, his mother. He sought to dispute taxes assessed to the estate in 2003, 2004,

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

and 2006, but he did not submit any notice of determination or deficiency from the Internal Revenue Service, as required to confer jurisdiction on the Tax Court. *See* 26 U.S.C. §§ 6213(a), 6330(d)(1), 7442; *Adolphson v. Comm'r*, 842 F.3d 478, 484–85 (7th Cir. 2016). The court therefore dismissed the petition.

Nearly a decade later, in 2020, Crown filed two motions to reopen the case. Each said nothing about the Tax Court's jurisdiction; both were largely unintelligible. From what we can glean, Crown sought larger deductions on the estate's tax returns dating back to 1996. For authority, he invoked Tax Court Rule 262, which applies exclusively to cases deferring tax payments for an estate's interest in a closely held business. *See* 26 U.S.C. §§ 6166, 7481(d). The Tax Court summarily denied both motions.

Crown appeals, but to the extent we can understand his brief, his arguments are frivolous. Crown first baldly asserts that his motions were timely. But Tax Court Rules 161 and 162 require that any motions to reconsider, vacate, or revise a decision be filed within 30 days, absent permission of the court. Crown lacked permission, and he missed the deadline by close to a decade. Next, Crown insists the Tax Court should have reopened the case because the IRS misstated his father's death date by two weeks in an unspecified "legal motion." That date had no bearing on the Tax Court's jurisdiction. Finally, Crown contends that the Tax Court violated Circuit Rule 50 by not giving reasons for refusing his tardy motions. But even were we to assume Circuit Rule 50 applies to the Tax Court, *see* FED. R. APP. P. 14, or to orders resolving post-judgment motions, *see Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008), the motions were so plainly deficient that we may infer the Tax Court's reasons. *See id.*

We affirm the Tax Court's orders. We have repeatedly warned Crown that his pattern of frivolous litigation is sanctionable. *See* 26 U.S.C. § 7482(c)(4); FED. R. APP. P. 38. Indeed, we fined him $500 in May 2012, *In re Crown*, No. 12-1676, and again in April 2018, *In re Crown*, No. 18-1610. And we reminded him in August 2020 that sanctions would follow if he continued to file frivolous papers in our court. *Crown v. Comm'r*, No. 19-2412. We therefore give Crown 14 days to show cause why we should not sanction him $5,000—the presumptive fine for a frivolous tax appeal, *see Veal-Hill v. Comm'r*, 976 F.3d 775, 775 (7th Cir. 2020)—and impose a filing bar until he pays that sum in full. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).