**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2022[*]
Decided January 24, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

Nos. 21-1529, 21-1530

| | |
|---|---|
| MICHAEL O'GRADY<br>    *Plaintiff-Appellant*, | Appeals from the United States District Court<br>for the Western District of Wisconsin. |
| *v.* | Nos. 18-cv-368-jdp, 18-cv-582-jdp,<br>19-cv-515-jdp, 19-cv-518-jdp |
| CITY OF PORTAGE, et al.,<br>    *Defendants-Appellees*. | James D. Peterson,<br>*Chief Judge*. |

## O R D E R

Michael O'Grady, who brought a sprawling civil-rights lawsuit against the City of Portage, Wisconsin, among other defendants, appeals from the denial of two motions to reconsider. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

This is O'Grady's second appeal arising out of claims that he brought against multiple defendants connected to events at the high school in Portage, Wisconsin, that his daughters attended. *See O'Grady v. Garrigan*, 2021 WL 462256 (7th Cir. Oct. 7, 2021) (affirming summary judgment for defendants on claims that car search and encounter with school dean violated O'Grady's constitutional rights). In this case, O'Grady asserted that local law enforcement and the school district violated his constitutional rights when they organized and executed a canine drug search at the high school, where one of his daughters had parked his car without a visible permit. He asserted, among other claims, that he was seized unlawfully, that his car was searched without reasonable suspicion or probable cause, and that the defendants interfered with his parental rights by seizing his children and targeting them to be searched. He also argued that various local government officials retaliated against him for filing cases over the drug search. The district judge severed his federal claims into four separate suits and remanded his state constitutional claims.

The judge ultimately entered summary judgment for the defendants in all four suits. He found that O'Grady presented no evidence of any constitutional violations regarding the search of his car. As the judge explained, the evidence was undisputed that the law-enforcement defendants had probable cause to search the car based on a canine's alert, that both O'Grady and his daughter had consented to the search, and that his children were not treated differently from other students at the school. The judge also concluded that, absent any constitutional violations, O'Grady could not establish any claims under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), against the school district and the local government entities. Finally, regarding the retaliation claims, the judge found that O'Grady failed to introduce evidence showing that any defendant took actions against him based on his protected conduct and, further, he was precluded from raising these claims because the Wisconsin courts already had ruled in prior cases that his harassing behavior towards local government officials was unprotected by the First Amendment.

O'Grady then filed eight post-judgment motions in the four cases. In these motions, he asserted violations of Rules 52(a) and 60 of the Federal Rules of Civil Procedure, argued that the district court did not adequately address his arguments or his evidence, and complained that the court wrongly granted summary judgment to defendants without allowing him to conduct additional discovery.

In a single order, the judge denied the motions, concluding that O'Grady was not entitled to relief under any of the motions, whether construed under Rule 59(e) or Rule 60(b). The judge explained that O'Grady raised the same arguments and evidence that had been rejected at summary judgment, emphasizing that the undisputed evidence did not support a conclusion that any defendant violated any of O'Grady's constitutional rights. And to the extent that O'Grady sought additional discovery, he had not explained why he was unable to collect the evidence while discovery was ongoing or how additional discovery would have changed the outcome of any of his cases.

O'Grady then filed two motions for reconsideration, essentially seeking more detailed reasons for the court's ruling. The judge promptly issued an order denying both motions "for reasons explained in previous orders."

O'Grady then appealed. After jurisdictional briefing, we determined that his appeal was timely only for the district court's most recent order denying the motions to reconsider. *See* FED. R. APP. P. 4(a)(1)(A) (requiring that notice of appeal be filed within 30 days after entry of judgment or order appealed from).

As for the merits, O'Grady argues that the judge erred by failing in his order to substantiate his denial of his motions for reconsideration. The judge's cursory disposition, O'Grady says, violated Circuit Rule 50, which requires a district court to supply reasons whenever it resolves a claim or counterclaim on the merits or enters an interlocutory order that may be appealed.

Circuit Rule 50 does not apply to O'Grady's requests to reconsider the denial of his post-judgment motions. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008). As we noted in *Stoller* regarding an initial motion under Rule 60(b), once a court has set forth its reasons for the judgment, it "may be enough for a district court to signal its conclusion that no change is required with a very brief statement." *Id*. That reasoning applies *a fortiori* to a denial of a motion to reconsider a denial of such a post-judgment motion. Having already explained its reasons, the court needn't do so again. O'Grady's motions to reconsider rehashed arguments that had been raised and rejected in his post-judgment motions. In denying those motions, the judge gave sufficient insight into his thinking and reasoning. Remanding the case for additional explanation would be a "pointless gesture." *Id*.

AFFIRMED